**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) |
| Plaintiffs, | ) ) |
| | ) Civil Action No: 8:14-CV-00233-JDW-AEP |
| v. | ) ) |
| THE CELL XCHANGE, INC., WORLD WIDE SALES "LLC" a/k/a WORLD WIDE CELLS, CELL1ST LLC, JAMES ROBERT RATHBONE, NATHANE A. TRIMM, CASEY ALAN PARRIS, MATTHEW BARTON, TIFFANY BARTON and KAITLYN HEDENSTAD, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS
THE CELL XCHANGE, INC AND JAMES RATHBONE'S
MOTION FOR PROTECTIVE ORDER AND TEMPORARY STAY OF DISCOVERY**

Plaintiffs, Sprint Solutions, Inc. and Sprint Communications Company L.P. (collectively "Sprint" or "Plaintiffs"), by and through undersigned counsel, hereby respond in opposition to Defendants The Cell Xchange, Inc., and James Rathbone's (collectively, "Defendants") Motion for Protective Order and Temporary Stay of Discovery ("Motion to Stay") [DE 41], and in support state the following:

**INTRODUCTION**

Sprint filed its Complaint on January 30, 2014, alleging that Defendants The Cell Exchange and James Rathbone (collectively "Defendants") are engaged in, and knowingly facilitate and encourage others to engage in, unlawful business practices involving the unauthorized and deceptive bulk purchase and resale of Sprint wireless telephones (collectively "Sprint Phones" or "Phones"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and

36350769.2

1

confidential computer codes, and the willful infringement of Sprint's trademarks (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme"). This core set of allegations has remained constant through the Amended Complaint ("FAC") [DE 7] and Sprint's Second Amended Complaint ("SAC") [DE 38].

The Complaint was stricken *sua sponte* on February 3, 2014. [DE 5]. In its Order, the Court explained that Sprint's Complaint included "lengthy and unnecessary factual detail," and that each count incorporated by reference the same paragraphs, making it difficult to discern the factual basis for each claims. *Id.* Sprint promptly filed the FAC on February 21, 2014. [DE 7]. On April 11, 2014, Defendants filed a Motion to Dismiss [DE 14] and a Motion for Judicial Notice [DE 18]. The parties held a case management on July 15, 2014, and Sprint subsequently served Defendants with requests for admission, requests for production and interrogatories on July 17, 2014.

On July 22, 2014, the Court issued a Show Cause Order because the parties had not filed a Case Management Report. [DE 29]. Then, on July 25, 2014, the Court Ordered that the FAC be stricken and gave Sprint leave to amend by August 16, 2014. [DE 31]. The Court also acknowledged the Defendants' motion to dismiss and stated their arguments "somewhat overstate and exaggerate the perceived deficiencies in the [FAC], delve into the merits of Plaintiffs claims, and allude to matters having no bearing on the sufficiency of the pleading . . . ." The Court went on to deny the motion as moot. *Id.* However, the Court did not discharge its Show Cause Order, nor did it indicate that the parties were relieved from any pending discovery obligations.

The deadline to respond to Sprint's outstanding discovery requests came and went without Defendants making any objections, or moving for a protective order. Further, Defendants refused to participate in drafting the Case Management Report despite the Court's outstanding Show Cause Order. Sprint had no choice but to file the Case Management Report on July 29, 2014, without Defendants' participation [DE 33]. The Court discharged its Show Cause Order the next day. [DE

35].   The Case Management and Scheduling Order was entered on August 7, 2014, setting a discovery cutoff date of March 20, 2015.  Sprint filed its Second Amended Complaint ("SAC"), on August 12, 2014 [DE 38].

On August 23, 2014, almost two weeks after Sprint filed the SAC, Defendants filed this Motion to Stay discovery.  [DE 41].  Defendants request to stay discovery was premature when filed because no dispositive motion was pending.  Although, Defendants subsequently filed a Motion to Dismiss [DE 47], the Motion to Stay is still premature because the Motion to Dismiss has not been fully briefed.  Moreover, Defendants make arguments in direct contradiction to this Court's well established law, and spend an inordinate amount space making baseless and irrelevant accusations regarding Sprint's motive for filing this suit.  Defendants also improperly request that the Court consider imposing Rule 11 sanctions against Sprint, which must be made in a separate motion.  In addition, Defendants have belatedly asked the Court for a protective order "confirming" that discovery was stayed beginning July 25, 2014, when the FAC was stricken, despite the fact that this Court subsequently entered a Case Management and Scheduling Order.

As detailed herein, Defendants' Motion to Dismiss does not provide a sufficient basis for staying discovery.[1]  The Motion to Dismiss makes a baseless request to have the SAC stricken with prejudice, and Defendants only seek to dismiss four out of Sprint's nine claims on the merits.  Moreover, Defendants' arguments are factually and legally incorrect and Defendants have yet again "overstate[d] and exaggerate[d] the perceived deficiencies in the [SAC], delve into the merits of Plaintiffs claims, and allude to matters having no bearing on the sufficiency of the pleading . . . ." [DE 31].

Sprint has been prejudiced by Defendants' refusal to participate in discovery and will be further prejudiced in its ability to meet the Court's discovery cutoff if discovery is stayed.

---

[1] Sprint will also be filing a separate brief in opposition to Defendants' Motion to Dismiss.

Accordingly, Sprint requests that the Court deny Defendants' Motion in its entirety and order that they immediately respond to Sprint's written discovery requests.

## ARGUMENT

## I.    LEGAL STANDARD

"District courts enjoy broad discretion in deciding how best to manage the cases before them and to set and enforce scheduling deadlines." *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008). "Rule 26(c) allows the Court to issue a protective order to limit discovery and make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Vivian v. Beahm*, No. 2:11-CV-150-FTM-SPC, 2012 WL 2602661, at *1 (M.D. Fla. July 5, 2012). "A protective order should be entered only when the movant makes a particularized showing of 'good cause' and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements and unsupported contentions do not suffice." *Id.* (citing *Gulf Oil Company v. Bernard*, 452 U.S. 89, 102 n.16 (1981); *Cipollone v. Leggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)). "Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required." *Id.* (citing *Seattle Times v. Rhinehart*, 467 U.S. 20, 36–37, 104 S.Ct. 2199, 81 L.Ed.2d 17(1984)).

"'In deciding whether to say discovery pending resolution of a pending [dispositive] motion, the Court inevitably must balance the harm produced by such a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery.'" *Mercado v. HFC Collection Ctr.*, No. 3:12-cv-122-J-12JBT, 2012 WL 5395751, at *1 (MD. Fla. Nov. 1, 2012) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652

(M.D. Fla. 1997).   However, "even a decision granting [a] motion to dismiss would not necessarily dispose of the case because plaintiffs could seek leave to file an amended complaint." *Feldman v. Flood*, 176 F.R.D. 651, 653 (M.D. Fla. 1997); *see also Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012) (denying motion to stay discovery because "[d]ismissal of the case *with prejudice* [was] not a foregone conclusion."). Thus, "'the Court must take a preliminary peek at the merits of a dispositive motion to see if it appears to be clearly meritorious and truly case dispositive.'"   *Bradley v. Heritage Auto. Corp.*, 2:11-CV-303-FTM-99, 2012 WL 2116135 (M.D. Fla. June 11, 2012) (quoting *Glynn v. Basil St. Partners, LLC*, 2010 WL 2508605, at *1 (M.D. Fla. June 16, 2010))); *see also Holsapple* at 2012 WL 3946792, at *2 (denying motion to stay discovery where there was a "legitimate dispute regarding whether [the] action should be dismissed").

Moreover, "[m]otions to stay 'are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'"   *Mercado*, 2012 WL 5395751, at *1 (quoting *Feldman*, 176 F.R.D. at 652).   "Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion.   Such motions for stay are rarely granted."   Middle District Discovery, I.E.4. (2001).   "However, 'unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.'"   *Mercado*, 2012 WL 5395751, at *1 (quoting Middle District Discovery, I.E.4.).

Defendants have not come close to showing that good cause exists for a protective order staying discovery.   Defendants did not make a particularized showing of good cause or a specific showing of prejudice or undue burden.   Rather, Defendants base this Motion on generalities regarding the expense of discovery and improperly attack the merits of Sprint's claims and

Sprint's motives for filing this suit.  Moreover, this Motion is premature as it was filed prior to Defendants' Motion to Dismiss, which although it has since been filed, has not yet been fully briefed.

## II.     THE ORDER STRIKING THE FAC DID NOT RELIEVE DEFENDANTS FROM THEIR DISCOVERY OBLIGATIONS

First, Defendants seek to retroactively stay discovery by asking the Court to "confirm" that Sprint's discovery requests did not survive the Court's Order striking the FAC.  Defendants argue that Sprint is not entitled to discovery because the FAC was deficient under Rule 8 and that by striking the Complaint, the Court "rendered moot" Sprint's pending discovery requests. [DE 41, at pp. 11-12].  However, the Court gave no indication that discovery was being stayed. To the contrary, the Court left in place its Show Cause Order regarding the parties' Case Management Report and proceeded to enter the Case Management and Scheduling Order, setting a discovery cutoff of March 20, 2015.

While the Court obviously had discretion to stay discovery, it was also well within the Court's discretion to allow discovery to proceed pending Sprint amending the FAC.  *See, e.g.*, *Goel v. Tishcon Corp.*, No. CIV. L-10-2536, 2011 WL 836680, at *4 (D. Md. Mar. 4, 2011) ("Though they are dismissed here without prejudice to the filing of an Amended Complaint, Goel's claims of wrongful termination and hostile work environment in Counts IV and V are proper subjects for discovery.  The Court will enter a Scheduling Order to govern the conduct of the case."); *Thomas v. Calcasieu Parish Pub. Library*, No. CIV.A. 08-0863, 2009 WL 331519, at *1 (W.D. La. Feb. 10, 2009) (granting plaintiff leave to amend complaint to properly plead claims under the Americans with Disabilities Act and Family Medical Leave Act but nevertheless ordering discovery to proceed in the interim); *Kandora v. Blinder, Robinson & Co.*, No. CIV. A. 89-9034, 1990 WL 63510 (E.D. Pa. May 10, 1990) ("If plaintiff does have a valid

basis for setting aside the [arbitration] award, he should be able to state that basis more definitively than has yet occurred.  Accordingly, an order will be entered requiring plaintiff to file an amended complaint within sixty days (during which interim period discovery may proceed if needed)."); *Solomon v. Marty Gutmacher, Inc.*, No. 87 CIV. 1230 (JFK), 1989 WL 16588 (S.D.N.Y. Feb. 23, 1989) ("Defendants' motions are granted and the complaint is hereby dismissed as to defendants Siegel, Enderveldt and Gennett. Plaintiffs' motion to amend is also granted and plaintiffs are to file their amended complaint on or before March 15, 1989. Discovery is to proceed and is to be completed by May 22, 1989 . . . .").

Defendants' argument based on *Iqbal* does not dictate a different result.  The Court in *Iqbal* held that "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with *nothing more than conclusions*."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (emphasis added).  The Court explained that "[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is *entitled to relief*.'"  *Id.* at 677-78 (emphasis added).  This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, the Court did not strike the FAC because it lacked sufficient factual allegations to show that Sprint was *entitled to relief*.  The Court found that the FAC "[fell] prey to the all too common temptation to include wide swaths of *factual information* into each Count," and the Court emphasized that the FAC did not constitute a "*short and plain* statement of the claim." [DE 31, at p. 2].  This is not an instance in which *Iqbal* would caution against allowing discovery to proceed because of an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Sprint Nextel Corp. v. Middle Man, Inc.*, No. 12-2159-JTM, 2012 WL 4933314, at *3 (D. Kan. Oct. 16, 2012) (denying motion to dismiss a complaint based on similar allegations and noting that the

complaint "went well beyond an unadorned, the defendant unlawfully-harmed-me allegation") (internal quotation marks omitted) (citation omitted).

In contrast to *Iqbal*, the Court in this case found that Sprint incorporated too many factual allegations into each claim. Thus, the holding in *Iqbal*, which requires more than mere conclusions to unlock the doors to discovery is inapplicable. *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (denying motion to stay discovery and distinguishing *Twombly* where the issue with the complaint did not involve "allowing a claim 'just shy of a plausible entitlement to relief' to proceed to discovery"). Thus, Defendants' request that the Court "confirm" that discovery was stayed pending Sprint amending the FAC has no merit, and the Court was well within its discretion to allow discovery to proceed.

## III. DEFENDANTS' ARGUMENT THAT DISCOVERY CANNOT PROCEED IS CONTRARY TO THE LAW OF THIS COURT

Next, Defendants argue that it would be improper for the Court to allow discovery to proceed prior to ruling on their Motion to Dismiss. Defendants support their argument by citing to the Eleventh Circuit's decisions in *Chudasama v. Mazda Motor Co.*, 123 F.3d 1353 (11th Cir. 1997) and *Horsley v. Feldt*, 304 F.3d 1125 (11th Cir. 2002) for the broad proposition that challenges to the legal sufficiency of a claim should be resolved before discovery is conducted. *See* [DE 41, at p. 13].

This Court has repeatedly held that "[t]hese cases . . . do not establish a broad general rule that discovery should not proceed while a motion to dismiss is pending. Instead, they stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 304-CV-194J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007); *see also Holsapple v. Strong Indus., Inc.*, No. 2:12-CV-00355-UA-SPC, 2012 WL 3946792, at *2 (M.D.

Fla. Sept. 10, 2012); *Schreiber v. Kite King's Lake, LLC.*, 2010 WL 3909717 * 1 (M.D. Fla. Oct. 1, 2010)); *Romacorp, Inc. v. Prescient, Inc.*, No. 10–22872–Civ, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011) ("Various courts have recognized that *Chudasama* does not stand for the broad proposition that a court must stay discovery when there is a pending motion to dismiss."); *Gannon v. Flood*, No. 08–60059, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) ("The Eleventh Circuit's primary concern in *Chudasama* was with the district court's delay and prolonging of the parties' discovery and costs unnecessarily. . . . This does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss.").[2]

Accordingly, under the well established law of this Court, a stay should not be entered without taking a "preliminary peek at the merits of a dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Bradley*, 2012 WL 2116135, at * 1. However, this is not possible because Defendants prematurely filed this Motion to Stay prior to its Motion to Dismiss. Although Defendants have since filed their Motion to Dismiss, the instant Motion to Stay is nevertheless still premature because the Motion to Dismiss has not been fully briefed. *See Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014) ("As is typically the case where a defendant seeks a discovery stay, Defendants here

---

[2] Defendants also cite to *Carter v. Dekalb County, Ga.*, 521 Fed. Appx. 725 (11th Cir. 2013), for the same general proposition that discovery cannot proceed in the face of a motion to dismiss. [DE 41, at p. 13]. However, *Carter* merely recites the same quotation from *Chudasama*, which this Court has repeatedly stated does not require a stay of discovery pending a motion to dismiss. *See id.* at 178. Further, *Carter* held that the trial court did err by dismissing the plaintiff's complaint without leave to amend prior to allowing plaintiff to conduct discovery. *See id.* 727-28; *see also In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 304-CV-194J-33MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007) (explaining that the Eleventh Circuit in *Horsley* "simply found that the district court had not abused its discretion, not that a discovery stay was always proper during the pendency of a motion to dismiss."). Moreover, *Carter* involved the failure to make sufficient factual allegations showing entitlement to relief and involved the qualified immunity of government officials. *Carter,* 521 Fed. Appx. at 727-28. This case does not involve qualified immunity and does not present a situation in which Sprint failed to plead a factual basis for relief.

contend that their dismissal motions are well-taken. Because the dismissal motions are not even fully briefed, the Undersigned is not prepared to now assess the viability of the motions."); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008) (stating that the court previously denied motion to stay discovery because the defendants' motion to dismiss had not been fully briefed). Thus, it is simply too soon for this Court to take a "preliminary peek" to assess the potential merits of Defendants' Motion to Dismiss. Defendants' Motion to Stay should, therefore, be denied.

## IV. DEFENDANTS' MOTION TO DISMISS IS NOT CLEARLY MERITORIOUS AND TRULY CASE DISPOSITIVE

Even if the Court decides to make a preliminary assessment of Defendants' Motion to Dismiss, it will find that Defendants have not met the heavy burden of justifying a stay of discovery.

### A.    The SAC Complies With The Court's Order

Defendants' primary argument for staying discovery is that the Court should strike the SAC with prejudice for failing to comply with the Court's Order [31]. Defendants claim that Sprint failed to "reduce the 15 separate claims by eliminating claims that should not proceed, [and] instead combined multiple causes of action into single counts . . . ." [DE 41, at p. 15]. Defendants further argue in their Motion to Dismiss that each Count in the SAC continues to incorporate too many paragraphs by reference. [DE 47, at p. 17]. These arguments fail because the Court did not order Sprint to reduce the number of its claims for relief, or to refrain altogether from incorporating paragraphs by reference into each Count.

As previously explained, the Court struck the FAC because of the "wide swaths of factual information in to each Count," which required the Court to "sift through innumerable allegations and exhibits in an attempt to discern the factual basis of each claim." [DE 31] (quoting *Raja v.*

*Englewood Cmty. Hosp., Inc.*, Case No. 8:12-cv-02083-JDW-AEP, Dkt. 58). Even a cursory review of the SAC reveals that it complies with the Court's Order. Each Count in the SAC contains the unique factual allegations upon which it is predicated, enabling the Court to discern the factual basis of each claim. *See* [DE 38].

In their Motion to Dismiss, Defendants further assert that Sprint improperly added two Defendants to the SAC and that the SAC improperly groups the Defendants together. [DE 47, 18-20]. However, there is nothing improper about Sprint adding two new defendants that it recently uncovered were engaging in the Bulk Handset Trafficking Scheme with the Defendants.[3] Further, Sprint is not required to separately set forth allegations for each defendant separately. Indeed, "[w]hen multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997); *see also Gelsomino v. Horizon Unlimited, Inc.*, No. 07-80697-CIV-MARRA, 2008 WL 4194842, at *3 (S.D. Fla. Sept. 10, 2008) ("Plaintiff explicitly stated that all three Defendants in this action

---

[3] In the Motion to Stay, Defendants paradoxically *request* that the Court consider "*sua sponte*" Rule 11 sanctions against Sprint for adding Cell1st and Nathan Trimm to this suit. Defendants assert that Sprint's allegations are based on one person's statement that they would purchase goods that are "perfectly legal to sell." [DE 41, at p. 16-17]. The Court should disregard Defendants' invitation because they are required to file a separate motion to request Rule 11 sanctions. *See, e.g., Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cnty.*, 278 F. Supp. 2d 1301, 1327 (M.D. Fla. 2003) (declining to consider request to impose Rule 11 sanctions because it was not made in a separate motion as required by Rule 11(c)(1)). Moreover, given the time Defendants devote to discussing the *Middle Man* case [DE 41 pp. 17-24], they should be well aware that "Sprint's Terms and Conditions unambiguously prohibit the resale of new wireless phones purchased from Sprint." *Sprint Nextel Corp. v. Middle Man, Inc.*, 989 F. Supp. 2d 1186, 1193 (D. Kan. 2013), *on reconsideration*, (Feb. 25, 2014). Further, in rejecting a similar argument for Rule 11 sanctions, the *Middle Man* Court explained that "[i]nterpreting the defendants' actions as fitting [within the Bulk Handset Trafficking Scheme] was not unreasonable for Sprint officials and attorneys, who have experience with precisely these types of activities." *Sprint Nextel Corp. v. Middle Man, Inc.*, No. 12-2159-JTM, 2014 WL 1048638, at *2 (D. Kan. Mar. 19, 2014). Thus, Defendants' request for Rule 11 sanctions is both baseless and irrelevant to whether the Court should stay discovery.

would 'sometimes collectively [be] referred to as 'Defendants.'  Allegations in the Complaint against 'Defendants' are therefore made against Paul Array, Mardale Array, and Horizon Unlimited, Inc."); *Hollingsworth v. Iwerks Entm't, Inc.*, 947 F. Supp. 473, 476 (M.D. Fla. 1996) ("[A]s long as the complaint describes with sufficient information to respond, a court may presume that these acts have been committed collectively by the officers and directors.").

Accordingly, Sprint's use of the collective term "Defendants," which is expressly defined to include each defendant [DE 38, at p. 1], represents a specific allegation against each of the Defendants and is not improper.  Thus, Defendants have utterly failed to carry their burden of demonstrating that their motion "is . . . so clear 'on its face [that] there appears to be an immediate and clear possibility that it will be granted' so as to justify a complete stay of discovery."  *APR Energy, LLC v. Pakistan Power Res., LLC*, No. 3:08-CV-961-J-25MCR, 2009 WL 2762064 (M.D. Fla. Aug. 28, 2009) (quoting *Feldman*, 176 F.R.D. at 653); *see also Alexander v. Allen*, No. 2:13-CV-885-FTM-29CM, 2014 WL 3887476, at *2 (M.D. Fla. Aug. 7, 2014) (denying motion to stay discovery after finding that the motion to dismiss was "not so clearly meritorious and truly case dispositive such that the need for discovery in this case will be entirely eliminated").

Thus, there is simply no basis for striking the SAC in its entirety and with prejudice.  In any event, Defendants' argument in this regard is certainly not "clearly meritorious," so as to justify a stay of discovery.  *Feldman*, 176 F.R.D. at 653 (noting that "even a decision granting [a] motion to dismiss would not necessarily dispose of the case because plaintiffs could seek leave to file an amended complaint."); *see also Ray*, 2012 WL 5471793, at *3 (denying motion to stay discovery because "[d]ismissal of the case *with prejudice* [was] not a foregone conclusion."); *Holsapple* at 2012 WL 3946792, at *2 (denying motion to stay discovery where there was a "legitimate dispute regarding whether [the] action should be dismissed").

**B.  The Remainder Of Defendants' Motion To Dismiss Seeks To Dismiss Fewer Than All Of Sprint's Claims**

Beyond Defendants' meritless argument that the Court should strike the SAC in its entirety and with prejudice, Defendants only seek to dismiss four of Sprint's nine Counts: Count One (Unfair Competition), Count Three (Conspiracy), Count Five (Fraud) and Count Six (Violation of the Computer Fraud and Abuse Act ("CFAA")).  [DE 47, at p. 13].  A stay of discovery is wholly inappropriate based on this portion of Defendants' Motion to Dismiss because it seeks dismissal of fewer than all of Sprint's claims for relief.  *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV-MARRA, 2008 WL 2705428, at * 1 (S.D. Fla. July 9, 2008) ("Granting a stay of *all discovery* would be inappropriate since five counts of the Complaint are not subject to the ruling on this dispositive motion and Plaintiff's motion does not hold the prospect of terminating the case in its entirety."); *see generally APR Energy, LLC v. Pakistan Power Res., LLC*, No. 3:08-CV-961-J-25MCR, 2009 WL 2762064, at *2 (M.D. Fla. Aug. 28, 2009) ("Motions to stay discovery are not favored and are not ordinarily granted when the discovery sought may be necessary to defend against the motion *or when the motion may not dispose of the entire case*.") (emphasis added).

**C.  Defendants' Motion To Dismiss Counts One, Three, Five And Six Has No Merit**

**1.  *Sprint Has Not Improperly Combined Multiple Claims Under A Single Count***

Defendants make two arguments for dismissing Counts One, Three, Five and Six.  First, Defendants argue that Sprint improperly combines multiple claims for relief under single counts: (1) FDUPTA with common law unfair competition (Count One); (2) common law fraud and fraudulent misrepresentation (Count 5); (3) Conspiracy with Sprint's underlying claims (Count Three); and (4) three CFAA claims (Count Six).  These arguments have no merit.  Each of these

claims arise out of a single set of facts and produce the same injury—"[o]ne set of facts
producing one injury creates one claim for relief, no matter how many laws the deeds violate."
*N.A.A.C.P. v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992).

Sprint's unfair competition claim is based on the Florida Deceptive and Unfair Trade
Practices Act ("FDUPTA").  FDUPTA in turn is predicated on engaging in unfair methods of
competition.  § 501.204, Fla. Stat. ("Unfair methods of competition, unconscionable acts or
practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are
hereby declared unlawful.").  Thus, properly alleging its FDUPTA claim requires making
allegations sufficient to establish common law unfair competition.  *See, e.g.*, *Suntree
Technologies, Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012) ("Suntree
contends that the district court erroneously concluded that the legal analysis is the same for all
three counts in Suntree's complaint: violations of the Lanham Act, FDUPTA, and Florida state
common law for infringement and unfair competition. We disagree.").

It is even more dubious for Defendants to assert that Sprint has improperly combined
claims for common law fraud and fraudulent misrepresentation, because both claims have the
same elements. *Friebel v. Paradise Shores of Bay Cnty., LLC*, No. 5:10-CV-120/RS-EMT, 2011
WL 500001, at *3 n.3 (N.D. Fla. Feb. 7, 2011) ("Both common law fraud and fraudulent
misrepresentation share the same four elements . . . ."). Moreover, Defendants' suggestion that
Sprint improperly combined a civil conspiracy claim with other claims is similarly specious.
Sprint alleges a single conspiracy to engage in the Bulk Handset Trafficking Scheme.  The fact
that the conspiracy to engage in the Bulk Handset Trafficking scheme is alleged to have involved
multiple torts, does not change a single conspiracy into multiple conspiracies. *Fortner v. Sec'y,
Dep't Of Corr.*, 315 Fed. Appx. 853, 855 (11th Cir. 2009) (*[A] single agreement* with multiple
objectives involving separate substantive offenses is a single conspiracy . . . .") (emphasis in

36350769.2                                      14

original) (citing *Braverman v. United States*, 317 U.S. 49, 50-54 (1942))); *Negron Gil De Rubio v. State*, 987 So. 2d 217, 219 (Fla. 2d DCA. 2008) ("If there is but a single agreement, then there is but a single conspiracy even though it involves the commission of multiple crimes.").

Moreover, Sprint's conspiracy count complies with *Marlborough Holdings Grp., Ltd. V. Azimut-Benetti Spa*, 505 Fed. Appx. 899 (11th Cir. 2013), because each predicate tort is alleged under separate counts. *See id.* at 907 (holding that Defendant could not properly plead a claim for conspiracy under the same count as the underlying tort). Defendants also incorrectly suggest that Sprint has improperly added a claim for conspiracy to induce breach of contract under its conspiracy claim. Sprint's Complaint and FAC contained allegations regarding Defendants' conspiracy to induce breach of contract. *See* [DE 1, at ¶¶ 98-104; DE 7, at ¶¶ 70-76].

### 2. *Sprint's Fraud Based Claims Comply With Fed. R. Civ. P. 9(b)*

Defendants also assert that Sprint did not allege its fraud claims with sufficient particularity under Fed. R. Civ. P. 9(b). However, Sprint has gone well beyond the requisites of Rule 9(b). Sprint alleges that the Defendants, as part of the Bulk Handset Trafficking Scheme, regularly and systematically misrepresent to Sprint that the Phones are being purchased for a legitimate purpose, that the Phones will be used by Defendants or other legitimate consumers on Sprint's wireless network, and that they will perform in accordance with the contractual Terms and Conditions. [DE 38, at ¶60]. Sprint further alleges that despite these representations and the knowledge of their obligations when entering into contracts with Sprint, when Defendants or their co-conspirators purchase Sprint Phones as part of their Scheme, they do not intend to use the Phones for a legitimate purpose or to activate them on Sprint's wireless network, nor do they intend to pay the service charges or fees, or otherwise perform in accordance with the Terms and Conditions. *Id.* at ¶¶ 61-62. The SAC also states that Defendants intended to induce Sprint to rely on their misrepresentations and Sprint reasonably relied on Defendants' misrepresentations. *Id.* at ¶ 63.

36350769.2                                           15

Finally, the SAC alleges that Sprint has been damaged and continues to suffer damages as a result of Defendants' conduct. *Id.* at ¶ 64.

Furthermore, Rule 9(b)'s particularity requirement is relaxed in instances where the facts supporting the allegation of fraud are exclusively within Defendants' possession. *Hill v. Morehouse Med. Associates, Inc.*, 02-14429, 2003 WL 22019936, at *3 (11th Cir. Aug. 15, 2003); *Kindred Hospitals E., LLC v. Fox-Everett, Inc.*, 3:12-CV-307-J-37MCR, 2012 WL 5467516, at *4 (M.D. Fla. Oct. 4, 2012) *report and recommendation adopted*, 3:12-CV-307-J-99MMH, 2012 WL 5467553 (M.D. Fla. Nov. 9, 2012). Therefore, additional evidence regarding Defendants' improper conduct is in their exclusive knowledge and control and will be uncovered during discovery. Defendants' refusal to participate in discovery is further delaying Sprint's ability to uncover the full extent of Defendants' fraud.

In sum, Defendants have not met their burden of demonstrating that it is a foregone conclusion that the SAC will be dismissed in its entirety and with prejudice, so as to justify a stay of discovery. *Ray*, 2012 WL 5471793, at *3 (denying motion to stay discovery because "[d]ismissal of the case *with prejudice* [was] not a foregone conclusion.") (emphasis added); *see also Holsapple* at 2012 WL 3946792, at *2 (denying motion to stay discovery where there was a "legitimate dispute regarding whether [the] action should be dismissed").

## IV.    Defendants Have Made No Specific Showing of Prejudice Or Undue Burden

Defendants have not attempted to make any *specific* showing of prejudice or undue burden to justify a stay of discovery. *Mercado*, 2012 WL 5395751, at *1 (stating that "'unusual circumstances *may* justify a stay of discovery in a particular case upon a *specific* showing of prejudice or undue burden.'" (quoting Middle District Discovery Handbook, I.E.4.)). Instead, [Defendants] resort[ ] to bland generalizations . . . ." *Ray*, 2012 WL 5471793, at *3 (denying motion to stay discovery where the defendants failed to make a specific showing of prejudice).

Defendants repeatedly characterize the SAC as taking a "scattershot approach" and allude to "the *potential* for a discovery sinkhole." *See* [DE 41, at p. 2, 9, 11, 19] (emphasis added). While Defendants complain that "Sprint issued six separate sets of discovery requests to Defendants TCX and Rathbone," these are routine requests for production, interrogatories and requests for admissions—Defendants make no assertion of any particular undue burden prejudice beyond meeting their responsibility to comply with routine discovery requests.

Defendants also spend a great deal of space discussing *The Middle Man* case in an attempt to attack the merits of Sprint's claims and malign Sprint's motives for filing this suit. *See* [DE 41, at pp. 17-24]. In this regard, Defendants make a number of vague and speculative allegations, including that Sprint "leverages the ruinous costs of . . . discovery to force small cell phone resellers into *per se* anticompetitive agreements never to buy or sell Sprint phones." *Id.* at 19. Defendants also claim that "[a]bsent this Court's intervention, as has happened in every other case, Sprint will simply bury Defendants in discovery costs, forcing them to agree to grossly inflated and extortionate final judgments . . . ." *Id.* at 23. Defendants also directly attack the veracity of Sprint's allegations, stating that "[a]ll three of the complaints Sprint has filed here have falsely alleged 'unlocking' and 'exporting' phones that it claims are 'procured by fraud.'" *Id.* Defendants' arguments are entirely false and amount to extrinsic evidence, which is improper on a motion to dismiss, and should be disregarded. *See, e.g., Malowney v. Federal Collection Deposit Group,* 193 F.3d 1342 (11th Cir. 1999); *Milburn v. United States,* 734 F.2d 762 (11th Cir. 1984); *Caravello v. American Airlines, Inc.*, 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) ("In deciding a motion to dismiss, a court may only examine the four corners of the complaint and not matters outside the complaint without converting the motion to dismiss to a motion for summary judgment.").

Moreover, these broad generalizations simply do not identify any specific undue burden beyond complying with routine discovery obligations. Nor have Defendants provided any evidence by way of affidavit or otherwise, as required for entry of a protective order. *See Vivian*, 2012 WL 2602661, at *1 ("A protective order should be entered only when the movant makes a particularized showing of 'good cause' and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements and unsupported contentions do not suffice.").

Defendants' assertions are similar to those in *Ray v. Spirit Airlines, Inc.*, which were found to be insufficient to justify a stay of discovery. In *Ray*, the defendant made

> bland generalizations such as: "[t]he scope and breadth of Plaintiffs' RICO allegations would require a substantial amount of discovery, nearly all of which would be borne by Spirit and its outside vendors"; and "Plaintiffs' claim that the RICO enterprise consists of numerous other non-parties further heightens the likely discovery burden on Spirit and also forces the imposition of similar discovery burdens on those non-parties"; and "if discovery were to proceed on Plaintiffs' RICO claim, Spirit's representatives on advertising, pricing, Department regulations, website management, and electronically stored date, as well as Spirit's external technology and communications vendors, would be enveloped in extensive discovery based on a single claim that may ultimately be dismissed with prejudice." Mot. at 6–7. Spirit also insinuates that discovery should be stayed simply because this a complex RICO case, as cases of this kind always involve burdensome and costly discovery. Reply at 6–7.

*Ray*, 2012 WL 5471793, at *3.

In denying the defendant's request to stay discovery the Court explained that "[t]hese arguments won't do. They are premature and speculative: 'extensive, expensive discovery has not yet proceeded and likely will not have proceeded very far by the time the Court issues a ruling.'" *Id.* (quoting *Gannon v. Flood*, 2008 WL 793682, at *1). The same is true in this case, and Sprint respectfully requests that the Court deny Defendants' request to stay discovery for failure to make a specific showing of undue burden.

**V.    A STAY OF DISCOVERY WOULD PREJUDICE SPRINT'S ABILITY TO PROSECUTE THIS CASE**

Staying discovery would significantly prejudice Sprint. The discovery cutoff date of March 20, 2015 has already been set and a stay would make it difficult, if not impossible, for Sprint to conduct discovery within the time frame allotted by the Court. *Alexander v. Allen*, No. 2:13-CV-885-FTM-29CM, 2014 WL 3887476, at *1 (M.D. Fla. Aug. 7, 2014) ("Plaintiff responds that Defendants have not moved to dismiss all of the counts in the amended complaint, and a stay will result in significant prejudice because it would likely not allow the parties time to conduct the necessary discovery before the October 10, 2014 discovery deadline. The Court agrees with Plaintiff."); *Flecha v. Neighbors Moving Servs., Inc.*, 944 F.Supp. 2d 1201, 1203 (S.D. Fla. 2013) ("Defendant has not asserted that the propounded discovery is unusually burdensome, and the Plaintiff has correctly pointed out that the time remaining to conduct discovery in this case is short. Should the Court stay discovery only to later deny the pending motion to compel arbitration, it would likely then be required to extend the case management deadlines in this case."). Delaying discovery may also result in the loss of critical evidence related to Defendants' Bulk Handset Trafficking Scheme, which would further prejudice Sprint. Sprint filed its original Complaint over eight (8) months ago and it should not have to wait any longer to begin discovery. Accordingly, Sprint respectfully requests that the Court deny Defendants' request to either retroactively or prospectively stay discovery.

**CONCLUSION**

For the foregoing reasons, Sprint respectfully requests that the Court deny Defendants' Motion in its entirety, order Defendants to immediately respond to Sprint's written discovery, and grant such other relief as the Court deems proper.

Respectfully submitted this 9th day of September, 2014.

By: */s/ Gail Podolsky*
    James B. Baldinger
    Florida Bar No. 869899
    Email: jbaldinger@cfjblaw.com
    Stacey K. Sutton
    Florida Bar No. 0289530
    Email: ssutton@cfjblaw.com
    CARLTON FIELDS JORDEN BURT, P.A.
    525 Okeechobee Boulevard, Suite 1200
    West Palm Beach, Florida  33401
    Phone: (561) 659-7070
    Fax: (561) 659-7368

    Gail E. Podolsky (admitted *pro hac vice*)
    Georgia Bar No. 142021
    Email: gpodolsky@cfjblaw.com
    CARLTON FIELDS JORDEN BURT, P.A.
    1201 West Peachtree Street, Suite 3000
    Atlanta, Georgia 30309
    Phone: (404) 815-2714
    Fax: (404) 815-3415

    *Attorneys for Sprint Solutions, Inc. and*
    *Sprint Communications Company L.P.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF on September 9, 2014, which sent notification to the registered attorney(s) of record that the document had been filed and is available for viewing and downloading.

I HEREBY CERTIFY that a true and correct copy is also being served today by U.S. Mail postage pre-paid on the following:

> Matthew Barton
> 428 South Blvd.
> Salisbury, Maryland  21801
>
> Tiffany Barton
> 428 South Blvd.
> Salisbury, Maryland  21801

This 9th day of September, 2014.

By: */s/ Gail Podolsky*_____
      Gail Podolsky