## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SPRINT SOLUTIONS, INC., ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No: 8:14-CV-00233-JDW-AEP |
| | ) |
| THE CELL XCHANGE, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
### TO DEFENDANTS JAMES ROBERT RATHBONE AND THE CELL XCHANGE'S
### MOTION TO DISMISS SPRINT'S SECOND AMENDED COMPLAINT

## INTRODUCTION

Defendants, along with their co-conspirators, are engaged in, and knowingly facilitate and encourage others to engage in, the unauthorized and deceptive bulk purchase and resale of Sprint wireless telephones (collectively "Sprint Phones" or "Phones"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer codes, and the willful infringement of Sprint's trademarks (collectively, the "Scheme").

Pursuant to the Court's directive, Sprint substantially reduced its allegations and claims. Indeed, Sprint's Second Amended Complaint ("SAC") contains a total of nine claims and has one hundred paragraphs less than the original Complaint [DE 1] and seventy-two paragraphs less than the Amended Complaint [DE 7]. As set forth fully below, the SAC contains only those facts necessary to support each of Sprint's claims and rather than repeat the factual allegations relevant to each claim, Sprint appropriately incorporates the relevant factual allegations into each of its claims.[1]

In response to the SAC, Defendants claim that Sprint willfully violated the Court's July 25th Order and that the SAC should be dismissed for failing to comply with the pleading requirements of Rules 8(a), 9(b) and 10(b). Defendants' Motion to Dismiss [DE 47], at p. 1 ("Motion"). Defendants also ask for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. *Id.* As detailed herein, Defendants' arguments are not based in fact or law. Sprint's SAC complies with the Court's Order and meets the requirements set forth in Rules 8(a), 9(b) and 10(b). Moreover, sanctions are entirely inappropriate because neither Sprint nor its counsel engaged in any bad faith conduct. For the reasons set forth herein, Defendants' Motion should be denied in its entirety.

---

[1] Due to an inadvertent scrivener's error, the Paragraph references in each count of SAC are off by one number and the correct references are as follows: Count 1: ¶¶ 4, 6, 8-11 and 16-39; Count 2: ¶¶ 4, 6, 8-11, 18-39; Count 3: ¶¶ 4, 6, 8-11, 16-39; Count 4: ¶¶ 4, 6, 8-11 and 16-39; Count 5: ¶¶ 4, 6, 8-11 and 18-39; Count 6: ¶¶ 4, 6, 8-11 and 18-39; Count 7: ¶¶ 4, 6, 8-11 and 16-39; Count 8: ¶¶ 4, 6, 8-11 and 16-39; Count 9: ¶¶ 4, 6, 8-11 and 16-39.

I. **DEFENDANTS' IMPROPERLY ATTEMPT TO DISTRACT THE COURT FROM THE RELEVANT LEGAL ISSUES**

Defendants' Motion is replete with tenuous arguments that serve to distract the Court from the real issue, which is whether Sprint adequately pled its claims for relief. Further, Defendants' arguments are misleading and without any factual support. For example, Defendants' allege that "Sprint's counsel directed their 'investigators' to contact a represented party [Cell 1st LLC and/or Nathane Trimm] for the purposes of creating evidence." [DE 47, p. 2]. This is completely untrue and Defendants provide no evidence to support this wild assertion.

Defendants' citation to *Sprint v. Welch*, No. 13-1174, 2014 U.S. Dist. LEXIS 2119 (N.D. Cal. Jan. 8, 2014) [DE 47, p. 3, fn. 2] (request for permanent injunction denied without prejudice), for the purported proposition that unfettered buying and selling of new Sprint Phones is lawful, is also untrue. In *Welch*, the Court held that Sprint properly pled each and every claim asserted in its complaint, which are very similar to those at bar. The statement Defendants quote is taken wholly out of context – the Court did not hold that Welch's conduct or transactions in Sprint phones is legal, the Court merely opined that Sprint's requested injunctive "relief *appears to be* overbroad" and permitted Sprint an opportunity to renew its motion.

Moreover, Defendants' attack of Sprint's properly served discovery is another attempt to misdirect the Court from the issues that are relevant to their motion to dismiss. [DE 47, p. 5]. Following the parties' July 15, 2014 Rule 26(f) conference [DE 33], which marked the opening of discovery, Sprint properly served requests for the production of documents, requests for admissions, and interrogatories on each of the defendants. Sprint also properly served discovery on certain third-parties. The written discovery was served to move this case forward in order to meet the deadlines set in the Court's Case Management Report. Defendants, on the other hand, have done everything in their power to stonewall discovery and this entire case.

## II.    SPRINT'S SAC COMPLIES WITH THE COURT'S JULY 25, 2014 ORDER

### A.    Sprint's SAC is Not a Shotgun Pleading

Each Count in the SAC contains the unique factual allegations upon which it is predicated, enabling the Court and the Defendants to easily discern the factual basis of each claim.  *See* [DE 38, pp. 11, 12, 13, 14, 15, 16, 20, 22, 24].  Accordingly, the SAC does not constitute a shotgun pleading.  *Florida Dept. Ins. v. Debenture Guar.*, 921 F.Supp. 750, 754 (M.D. Fl. 1996) (denying motion to dismiss and holding that "incorporation by reference is proper pleading"); *Spivey v. Board of Church Extension and Home Mission of Church of God*, No. 94-1360, 1995 WL 350269, at * 4 (M.D. Fl. June 8, 1995) (same).

The case relied upon by the Defendants, *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 and n. 97 (11th Cir. 1998), is distinguishable.  In *Johnson Enterprises*, the Court of Appeals, in dicta, stated that the plaintiff's initial pleading was a "shotgun complaint" and cited to the district court's characterization of the case as a "simple little breach of contract case…."  The Court of Appeals also characterized a "shotgun pleading" as one where there is "a long list of general allegations, most of which are immaterial to most of the claims for relief."  *Id.*  In this case, Sprint does not include immaterial allegations.  Further, this case is not a simple breach of contract case; it involves a complicated Scheme that violates numerous federal and state laws.  Thus, the SAC does not constitute a shotgun pleading as the phrase is defined in *Johnson Enterprises*.  *Id.*; *see also Florida Dept. Ins.*, 921 F.Supp. at 754.

### B.    Sprint's SAC is in compliance with Rule 8(a)(2) and Rule 10(b)

As the Court stated in its Order, "[t]he *minimum* threshold for pleading a claim under [FRCP] 8(a)(2) is a short and plain statement of the claim showing that the pleading is entitled to relief, giving the defendant fair notice of what the . . . claim is and the grounds upon which it

rests." [DE 31, p. 2]; *see also Allen v. Life Ins. Co. of North America*, 267 F.R.D. 407, 414 (N.D. Ga. 2009) (denying motion to dismiss and holding that "[w]hile plaintiff's complaint is lengthy and overly detailed, its averments are sufficiently straightforward to satisfy the pleading requirements of Rules 8 and 10"). It is clear that Sprint's SAC more than meets the *minimum* pleading requirements of Rule 8 and contains only the factual information necessary to state its claims for relief and provide Defendants with notice sufficient to respond to the SAC. *See, e.g., Sprint Nextel Corp. v. Simple Cell, Inc.*, CIV. CCB-13-617, 2013 WL 1910512 (D. Md. May 6, 2013) ("Sprint's complaint and attached exhibits provide significantly more discovery than defendants are typically entitled to at this stage of the proceeding….To the extent that the Simple Cell defendants believe they had no involvement in the alleged scheme, or that they have no knowledge or awareness of facts Sprint has pled, their Answer is the appropriate forum for voicing as much. Otherwise, Sprint is under no obligation to plead additional facts or adduce further evidence to satisfy the requirements of Rule 8 or Rule 12(e).").[2]

Defendants' reliance on *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117 (11th Cir. 2014) is inapposite. In *Paylor*, "the entire dispute boils down to the temporal proximity between Paylor's FMLA request and Hartford's offering the Severance Agreement. That's the whole case." *Id.* at 1125. Further, Paylor's counsel conceded that the complaint failed to meet the *Twombly* pleading standard. *Id.* Here, Sprint met and exceeded the *Twombly* pleading standard. It also significantly streamlined its SAC by reducing the number of counts in its SAC from fifteen to nine, reducing the number of pleading paragraphs from 171 to 99, and reducing the number of pages

---

[2] *See also Sprint Solutions, Inc. v. Pacific Cellupage Inc.*, No. 2:13-CV-07862-CAS, 2014 WL 3715122 (C.D. Cal. July 21, 2014); *Welch*, 2014 WL 68957 (E.D. Cal. Jan. 8, 2014) (report and recommendation to grant partial default judgment in Sprint's favor on claims); *Sprint Nextel Corp. v. Simple Cell, Inc.*, No. CIV. CCB-13-617, 2013 WL 3776933 (D. Md. July 17, 2013) (denying motion to dismiss with the exception of the fraud claims, which were dismissed without prejudice); *Sprint Nextel Corp. v. Middle Man, Inc.*, No. 12-2159-JTM, 2012 WL 4933314, at *3 (D. Kan. Oct. 16, 2012) (denying motion to dismiss).

from 32 to 26.  [*Compare* DE 7 *with* DE 38].  Sprint also incorporated by reference the paragraphs that were relevant to each claim.  Further, Sprint's SAC alleges more than a single FMLA count.  It involves a complicated Scheme with at least 9 co-conspirators.  Accordingly, Sprint SAC is proper and in compliance with the Court's Order.  *Mattison*, 2012 WL 2589351, at * 1, 3; *Grier*, 2005 WL 1073932, at * 1.

Sprint's SAC is similarly in compliance with Rule 10(b).  Defendants incorrectly assert that Sprint violated Rule 10(b) by using unnumbered paragraphs, combining previously separate paragraphs and combining causes of action.  [DE 47, p. 12].  Rule 10(b) states that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

"[C]laims founded on the same transaction or occurrence may be pled together."  *Duquesne v. City of Miami Beach*, No. 12-20575, 2012 WL 3061603, at * 2 (S.D. Fl. July 26, 2012). Unnumbered paragraphs, which do not contain facts that were not also alleged in numbered paragraphs, do not provide a basis to strike a complaint under Rule 10(b).  *U.S. v. Barringer*, No. 14-3132, 2014 WL 4290335, at * 5 (U.S.D.C. Aug. 28, 2014).[3]  As set forth in section III.C.1, Sprint properly combined claims arising out of the same transactions and occurrences.

## III.  SPRINT'S SAC MEETS AND EXCEEDS THE LEGAL STANDARD TO SURVIVE A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Rule 12(b)(6) motions to dismiss for failure to state a claim "are disfavored and are rarely granted."  *Wilbesan Charter Sch., Inc. v. Sch. Bd of Hillsborough Cnty., FL*, 447 F. Supp. 2d

---

[3] *See also Perdue v. Alabama Dept. of Public Safety*, No. 11-1005, 2012 WL 1987199, at * 2 (M.D. Ala. May 10, 2012) ("The factual allegations made within the Amended Complaint, despite the lack of numbered paragraphs, are sufficient to allow [defendant] to answer and proceed with this case); *Lewis v. Nissan North America, Inc., Corp.*, No. 04-562, 2004 WL 1277999, at * 2 (S.D.N.Y. June 9, 2004) (failure to number "first three sections of the Complaint, identifying the parties, the basis for the Court's jurisdiction, and the basis of venue" did not require repleading under Rule 10(b) because it "[did] not impede Defendants' ability to respond to the Complaint").

1292, 1301 (M.D. Fla. 2006) (citation omitted).  In deciding a motion to dismiss, "the Court must view the allegations in the complaint in the light more favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations."  *Carver Middle Sch. Gay-Straight Alliance v. Sch. Bd. of Lake Cnty., Fla.*, No. 13-623, 2014 WL 897072, at *1 (M.D. Fla. Mar. 6, 2014) (citation omitted).[4]

### A.    Sprint's SAC Contains Specific Allegations of Defendants' Wrongdoing

Defendants argue that all of Sprint's claims should be dismissed because there are no specific factual allegations against them.  This is untrue.  The SAC alleges that Defendant Rathbone is the president and registered agent for The Cell XChange and is personally engaged in, and helped facilitate, the improper conduct described in the SAC.  SAC at ¶ 4.  The SAC also states that Defendants are involved in at least the following improper conduct:

- Offering to buy new Sprint Phones in large quantities, either directly from Sprint or from Sprint authorized dealers and retailers, or soliciting others such as Runners/Mules to purchase those Phones for their benefit [SAC at ¶¶ 19, 22-24, 37-38 and Exhibit C];

- Reselling the Phones at a substantial profit knowing that they will not be used on the Sprint wireless network [*Id.* at ¶¶ 19-20];

- Making misrepresentations to induce Sprint to activate the Phones, thereby providing them unauthorized access to Sprint's protected computer network [*Id.* at ¶ 67];

- Offering to sell, inducing others to sell and/or assisting other to sell unlocked Sprint Phones for the purpose of being resold [*Id.* at ¶¶ 19-20 and Exhibit C, at p. 7];

- Engaging in the Scheme knowingly, willfully and deliberately [*Id.* at ¶¶ 46, 54, 71, 94-95];

- Knowingly aided and enabled other to market Sprint Phones to members of the general public in a way that infringes at least one of the Sprint Marks by placing in the hands of distributors and/or sellers an instrument of consumer deception [*Id.* at ¶ 95]; and,

---

[4] Defendants' reliance on *Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S. Ct. 1351 (2013) is inapposite.  *Kirtsaeng* relates to the "first sale" doctrine as it applies to a copyright infringement claim.  Sprint's SAC does not contain any copyright claims.  With respect to Sprint's trademark claims, the first sale doctrine does not apply because the SAC alleges material differences.  SAC at ¶¶ 82, 85, 87, 90.  *TracFone Wireless, Inc. v. Pak China Group Co. Ltd.*, 843 F.Supp.2d 1284, 1296-97 (S.D. Fla. 2012) ("The first sale doctrine does not apply when an alleged infringer sells trademarked goods that are materially different than those sold by the trademark owner."); *Welch*, 2014 WL 68957, at * 4 (holding that Sprint "state[d] cognizable trademark and unfair competition claims.").

- Defendant Rathbone is a specialist in overseas clients and vendor relations and head of The Cell XChange's wholesale and NIB [New In Box] Merchandise [*Id.* at ¶ 25 and Exhibit D].

Since the Court must accept all well pled facts as true and view them in the light most favorable to Sprint and Sprint's SAC contains well pled facts demonstrating Defendants' involvement in the Scheme, their motion to dismiss should be denied.

### B.     Adding New Defendants and Using Defendants in the Collective is Proper

Defendants argue that Sprint improperly added defendants Cell 1st LLC and Nathane A. Trimm, and that the SAC improperly groups the defendants together.  [DE 47, pp. 18-20].  There is nothing improper about Sprint adding two new defendants that it recently uncovered were engaging in the Scheme with the Defendants and Defendants have failed to set forth evidence demonstrating any prejudice caused by adding these parties.  Moreover, the August 7, 2014 Case Management and Scheduling Order entered by this Court does not include a deadline for joinder of additional parties and adding these parties at this preliminary stage is entirely proper as it will allow Sprint to obtain the appropriate relief from Defendants and their co-conspirators.  *See* DE 37; *Pettibone v. Walgreen Co.*,  No. 02-123, 2003 WL 22012202, at * 2 (M.D. Fl. Feb. 18, 2003) (permitting joinder of new defendants); *see also Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001) (reversing district court's denial of leave to amend because even "[t]he lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiffs, does not justify denying the plaintiffs the opportunity to amend their complaint"); *Stewart v. Bureaus Inv. Group No. 1, LLC*, No. 10-1019, 2014 WL 2462883, at * 16 (M.D. Ala. June 2, 2014) (granting motion to amend pleadings to add newly discovered defendants, after discovery had been ongoing for four months, "notwithstanding [plaintiff's] allegations of belief, as opposed to knowledge, of alleged wrongdoing").

Further, Sprint is not required to separately set forth allegations for each defendant.

"When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997); *Acciard v. Whitney*, No. 07-476, 2008 WL 5120898, at * 10 (M.D. Fl. Dec. 4, 2008) (plaintiff did not impermissible lump defendants); *E.E.O.C. v. Gargiulo, Inc.*, No. 205-460, 2006 WL 752825, at * 2 (M.D. Fl. Mar. 22, 2006) (group pleading is proper where all allegations apply to all individuals); *see also Gelsomino v. Horizon Unlimited, Inc.*, No. 07-80697, 2008 WL 4194842, at *3 (S.D. Fla. Sept. 10, 2008) ("Plaintiff explicitly stated that all three Defendants in this action would 'sometimes collectively [be] referred to as 'Defendants.' Allegations in the Complaint against 'Defendants' are therefore made against [each named defendant]"); *Future Tech Intern., Inc. v. Tae Il Media, Ltd.*, 944 F.Supp. 1538, 1572 (S.D. Fl. 1996) (group pleading is permissible if the allegations link the individual, his corporation and the alleged conduct). Accordingly, Sprint's use of the collective term "Defendants," which is expressly defined to include each defendant [DE 38, at p. 1], represents a specific allegation against each of the Defendants and is not improper. *Id.*

The case law cited by Defendants in support of their proposition that Sprint's use of the collective term "Defendants," is improper, is distinguishable. Defendants rely on *Odyssey (III) DP X LLC v. PNC Bank, N.A.*, No. 13-1433, 2014 WL 2050756 (N.D. Ala. May 19, 2014) for the blanket proposition that "group pleadings" must be dismissed. In *Odyssey*, the Northern District of Alabama dismissed claims against one defendant "because no specific allegations of wrongdoing [were] asserted against it." *Odyssey*, at *6. Here, Sprint alleged numerous and specific allegations of wrongdoing against all of the Defendants, rendering this non-binding decision inapposite. *See e.g.* Section III.A., *supra*. Additionally, *Prushansky v. Brown*, No. 12-689, 2013 WL 3716398, at * 3 (M.D. Fl. July 15, 2013) and *George & Co., LLC v. Alibaba.com,*

*Inc.*, No. 10-719, 2011 WL 6181940 (M.D. Fl. Dec. 13, 2011), cited by Defendants, actually support Sprint's position by stating that "a complaint against multiple defendants is usually read as making the same allegations against each defendants individually" so long as there are sufficient facts to give each defendant fair notice of the claims and grounds upon which they rest. Sprint's SAC clearly and specifically sets forth the allegations related to each defendant and provides the requisite fair notice necessary for Defendants to respond to the SAC.

### C.    Defendants' Request to Dismiss Counts 1, 3, 5 and 6 Should be Denied

#### 1.    *Sprint Did Not Improperly Combine Multiple Claims Under A Single Count*

Defendants argue that Sprint improperly combined multiple claims for relief under single counts. This argument has no merit as each of these claims arise out of a single set of facts and produce the same injury—"[o]ne set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate." *N.A.A.C.P. v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992).

Sprint's unfair competition claim is based on common law unfair competition and FDUTPA. Fla. Stat. § 501.204 ("Unfair methods of competition …in the conduct of any trade or commerce are hereby declared unlawful."). Properly alleging its FDUTPA claim requires making allegations sufficient to establish common law unfair competition. *Suntree Technologies, Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012) (holding that legal analysis is the same for violations of the Lanham Act, FDUTPA, and Florida state common law for infringement and unfair competition). Because they produce the same injury, they are properly pled under one count. *N.A.A.C.P.*, 978 F.2d at 292.

Defendants also assert that Sprint improperly combined claims for common law fraud and fraudulent misrepresentation. Defendants' argument has no merit because both claims have

the same elements.  *Friebel v. Paradise Shores of Bay Cnty., LLC*, No. 5:10-CV-120/RS-EMT, 2011 WL 500001, at *3 n.3 (N.D. Fla. Feb. 7, 2011) ("Both common law fraud and fraudulent misrepresentation share the same four elements").  Defendants' suggestion that Sprint improperly combined a civil conspiracy claim with its conspiracy to induce breach of contract claim is similarly specious.  The fact that the conspiracy to engage in the Scheme is alleged to have involved multiple torts, does not change a single conspiracy into multiple conspiracies.[5] *Fortner v. Sec. Dep't Of Corr.*, 315 Fed. Appx. 853, 855 (11th Cir. 2009) ("[A] *single agreement* with multiple objectives involving separate substantive offenses is a single conspiracy.").

Sprint's claims for violations of the CFAA are also properly plead under a single count as all of the facts and circumstances are based on Defendants' violation of the statute.  *See* 18 U.S.C. § 1030, *et seq.  See e.g.*, *U.S. Commodity Futures Trading Comm'n v. Capital Blu Management, LLC*, No. 09-508, 2011 WL 2357629, at * 7 (M.D. Fl. June 9, 2011) (plaintiff properly plead multiple violations of a statute in a single court and each was properly considered by the Court).  Thus, Counts 1, 3, and 5-6 are properly pled.  *Id; N.A.A.C.P.,* 978 F.2d at 292.

### 2.    *Sprint's Fraud Based Claims Comply With Fed. R. Civ. P. 9(b)*

Defendants also assert that Sprint did not allege its fraud claims with sufficient particularity under Fed. R. Civ. P. 9(b).  However, Sprint has gone well beyond the requisites of Rule 9(b).  Sprint alleged that Defendants regularly and systematically misrepresent to Sprint that the Phones are being purchased for a legitimate purpose, that the Phones will be used by Defendants or other legitimate consumers on Sprint's wireless network, and that they will perform in accordance with the Terms and Conditions.  *Id.* at ¶ 60.  When Defendants or their co-conspirators purchase Sprint Phones as part of their Scheme, they do not intend to use the Phones for a legitimate purpose

---

[5] Sprint's conspiracy count complies with *Marlborough Holdings Grp., Ltd. V. Azimut-Benetti Spa*, 505 Fed. Appx. 899 (11th Cir. 2013) because each predicate tort is alleged under separate counts.  *See id.* at 907 (holding that defendant could not properly plead a claim for conspiracy under the same count as the underlying tort).

or to activate them or maintain them as active on Sprint's wireless network, or otherwise perform in accordance with the Terms and Conditions, however Defendants know that they are required to comply with same. *Id.* at ¶¶ 61-62. Defendants intended for Sprint to rely on their misrepresentations to purchase and unlock the Phones for improper purposes and Sprint reasonably relied on Defendants' misrepresentations. *Id.* at ¶ 63. Sprint has been damaged and continues to suffer damages as a result of Defendants' conduct. *Id.* at ¶ 64.

Furthermore, Rule 9(b)'s particularity requirement is relaxed in instances where the facts supporting the allegation of fraud are exclusively within Defendants' possession. *Hill v. Morehouse Med. Associates, Inc.*, 02-14429, 2003 WL 22019936, at *3 (11th Cir. Aug. 15, 2003); *Kindred Hospitals E., LLC v. Fox-Everett, Inc.*, 12-307, 2012 WL 5467516, at *4 (M.D. Fla. Oct. 4, 2012) *rpt. & rec. adopted*, 12-307, 2012 WL 5467553 (M.D. Fla. Nov. 9, 2012). Therefore, additional evidence regarding Defendants' improper conduct is in their exclusive knowledge and control and will be uncovered during discovery. Defendants' refusal to participate in discovery is further delaying Sprint's ability to uncover the full extent of Defendants' fraud. Accordingly, Sprint has properly pled this claim and dismissal is inappropriate.

**D.    Each Cause of Action in the SAC is Properly Pled and States a Claim for which Sprint is Entitled to Relief**

As an initial proposition, Defendants did not argue that the necessary elements of Sprint's claims are absent. Since Defendants have the burden of proof, the Court should conclude that the elements for these claims are properly pled. *Olender v. United States*, No. 07-930, 2007 WL 2714105, at *1 (M.D. Fla. Sept. 17, 2007) ("Under the 12(b)(6) analysis, the party moving for dismissal has the burden to prove that no claim has been supported."). As detailed below, all of Sprint's claims are properly pled and the Motion should be denied.

**1.    Counts 1 and 7-9**

To state claims for federal trademark infringement and federal unfair competition, a plaintiff must allege that (1) it has a valid, protectable mark, and (2) that Defendant's use of the mark is "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. §§ 1114(1)(a) and 1125(a)(1)(A). The SAC clearly states that Sprint obtained registered trademarks, has a license to use said trademarks, and/or acquired secondary meaning in the trademarks. SAC at ¶¶ 16-17. Moreover, the SAC properly alleges that Defendants' use of the Sprint marks has caused a "likelihood of confusion, mistake and deception." *Id.* at ¶¶ 42, 83, 88, 97.

Since Sprint's federal trademark claims are properly pled, Sprint's state law unfair competition claim, is likewise properly pled. *See Investacorp., Inc. v. Arabian Investment Banking Corp.,* E.C., 931 F.2d 1519, 1521 (11th Cir. 1991) (Florida common law unfair competition claim will rise or fall with federal trademark infringement claim).

Sprint also properly alleged a claim for contributory trademark infringement. This claim extends to "all those who knowingly play a significant role in accompanying the unlawful purpose." *TracFone v. Anadisk,* 685 F.Supp.2d 1304, 1311 (S.D. Fla. 2010). Here, Sprint alleged that by misappropriating and using at least one of the Sprint Marks, Defendants knowingly aided and enabled distributors and/or sellers of their products to market them to members of the public in a way that infringes at least one of the Sprint Marks by placing in the hands of distributors and/or sellers an instrument of consumer deception. SAC at ¶ 95. Sprint further alleged that Defendants' unlawful, unauthorized, and unlicensed sale of the unlocked Sprint Phones contributed to the creation of express and implied misrepresentations that the Sprint Phones, as sold by Defendants, were created, authorized or approved by Sprint, and include warranties. *Id.* at ¶ 96. The SAC further alleges that upon information and belief, Defendants' conduct led to post-sale confusion by causing consumers who purchase Sprint

Phones altered by Defendants to believe that they are purchasing handsets approved by Sprint and containing original warranties. *Id.* at ¶ 97.

Sprint also properly pled a claim for false advertising. Section 43(a) of the Lanham Act makes it unlawful for "[a]ny person who…in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B). The SAC specifically states that Defendants used the Sprint Marks in commercial advertising and promotion and such use misrepresented the nature, characteristics, and/or qualities of the infringing products. SAC at ¶ 92. Sprint further alleges that Defendants' advertising and promotion is false or misleading, deceives or has the capacity to deceive consumers and the deception and misrepresentations have a material effect on the purchasing decisions and affect interstate commerce. *Id.* Therefore, Sprint has properly pled these claims and dismissal is inappropriate.

### 2.    *Count 2*

To state a claim for tortious interference, Sprint must plead: "(1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff." *Dynamic Designs Distrib. Inc. v. Nalin Mfg., LLC*, No. 13-707, 2014 WL 1576381, at *7 (M.D. Fla. Apr. 18, 2014).

The SAC states that a business relationship, and an expectancy of business relationships, exists between Sprint and authorized dealers, retailers, purchasers and prospective purchasers of Sprint Phones and service. SAC at ¶¶ 44. Sprint alleges that there is a high probability of future economic benefit to Sprint as a result of these current and prospective business relationships. *Id.* at ¶ 45. The SAC also states that Defendants knew that Sprint has business relationships, and an

expectancy of business relationships, with its authorized retailers and with legitimate consumers or prospective customers. *Id.* at ¶¶ 46-48. Sprint alleges that Defendants knowingly, intentionally, and unjustifiably interfered with these relationships directly or by conspiring with others to perpetrate the Scheme, which negatively impacted Sprint's ability to supply Sprint Phones to meet legitimate consumer and authorized dealer and retailer demand. *Id.* at ¶¶ 46-49.

In addition, the SAC states that Defendants interfered with the contractual relationships that existed between Sprint and Runners or other purchasers by inducing the Runners or other purchasers to breach their contracts with Sprint. *Id.* at ¶ 47. Sprint also alleges that it has been damaged and continues to be damaged by Defendants' interference. *Id.* at ¶ 51. Finally, Sprint alleges that Defendants are intentionally interfering with Sprint's business relationships and prospective advantages through improper means and in violation of the law. *Id.* at ¶¶ 49-50. Sprint has properly pled this claim and dismissal is inappropriate.

### 3. *Count 3*

To state a claim for civil conspiracy, a plaintiff must allege "(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Florida Fern Growers Assoc., Inc. v. Concerned Citizens of Putnam Cty.,* 616 So.2d 562, 565 (Fla. 5th DCA 1993).

Sprint alleges that Defendants were involved in a conspiracy with at least Casey Alan Parris, Matthew Barton, Tiffany Barton, Kaitlyn Hedenstad and Nathane Trimm. SAC at ¶ 52. Sprint also alleges that an agreement and conspiracy existed and continues to exist between and among the Defendants and other co-conspirators to unlawfully bulk purchase, traffic, and resell unlawfully unlocked and altered Sprint Phones under at least one of the Sprint Marks and to

induce certain individuals to breach their contracts with Sprint, which results in, *inter alia*, trademark infringement, unfair competition, contributory trademark infringement, tortious interference, unjust enrichment, and violations of the CFAA. *Id.* at ¶¶ 52-53. The SAC further states that each Defendant knowingly agreed to engage, and did engage, in one or more overt acts in pursuit of the conspiracy as set forth with more particularity in the SAC and that Sprint has been proximately damaged by the conspiracy and Defendants' actions in furtherance thereof.[6] *Id.* at ¶ 54-55. Sprint has properly pled these claims and dismissal is inappropriate.

### 4.     *Count 4*

To plead unjust enrichment, Sprint must allege that: 1) a benefit was conferred on the defendant, 2) the defendant had knowledge of the benefit conferred, 3) the defendant accepted and retained the benefit, and 4) it would be inequitable for the defendant to retain the benefit without compensation to the plaintiff. *See Nova Information Sys., Inc. v. Greenwich Ins. Co.*, 365 F.3d 996, 1006–07 (11th Cir. 2004). The SAC alleges that by bulk purchasing the Sprint Phones at less than the manufacturer cost of the Phones for use on wireless networks other than Sprint's network, Defendants have obtained benefits from Sprint which have caused significant harm to Sprint and led to significant financial gain to Defendants through their resale of the bulk purchased Sprint Phones. *See* SAC at ¶ 57. Defendants acquired the benefits voluntarily and with full knowledge of the benefits and retained the benefits under such circumstances that make it unjust and inequitable for Defendants to do so without paying Sprint the value of the benefits Defendants acquired. *Id.* at ¶ 58. Sprint properly pled this claim and dismissal is inappropriate.

### 5.     *Count 5*

---

[6] Defendants cite *Am. United Life Ins., Co. v. Martinez*, 480 F.3d 1043 (11th Cir. 2007) for the proposition that if a conspiracy claim alleges conspiracy to commit fraud, then the fraud claim must be plead with the requisite Rule 9 specificity. Sprint does not dispute this and in fact asserts that as set forth in Section III.C.2 and III.D.5, Sprint's fraud claims have been plead with the requisite specificity. Moreover, Sprint's conspiracy claim is not entirely dependent on establishing fraud. SAC at ¶¶ 52-56.

To establish a cause of action for fraud and fraudulent misrepresentation, Sprint must plead the following elements: "(1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person." *Perry v. Cosgrove,* 464 So.2d 664, 666 (Fla. 2d DCA 1985); *see also State Farm Mut. Auto. Ins. Co. v. Physicians Grp. of Sarasota, L.L.C.*, 13-1932, 2014 WL 1236240, at *6 (M.D. Fla. Mar. 25, 2014). As detailed in Section III.C.2., *supra*, Sprint properly pled this claim and dismissal is inappropriate.

### 6.    Count 6

To state a claim under 18 U.S.C. § 1030(a)(6), Sprint must allege the following elements: (1) the Defendants knowingly and with intent to defraud[7]; (2) trafficked in; (3) a computer password *or similar information* through which a computer may be accessed without authorization; (4) in a manner that affects interstate commerce. *See* 18 U.S.C. §§ 1030(a)(6); 1030(c)(4)(A)(i)(I); 1030(g) (emphasis supplied). Sprint alleged that Defendants and their co-conspirators are systematically and knowingly trafficking in Sprint's confidential codes to access its proprietary computer systems for use in the Scheme. SAC at ¶¶ 65-74. The SAC states that the Phones act as a gateway to Sprint's protected computer networks and that Sprint protects access through, *inter alia*, the confidential codes contained in the Phones. *Id.* at ¶¶ 65, 68, 70. The SAC also alleges that Defendants' trafficking of the Phones substantially affects interstate commerce and that Sprint suffered the requisite "loss"[8] and "damage"[9] as defined under the CFAA. *Id.* ¶¶ 76-78. With respect to loss,

---

[7] Intent to defraud "simply means wrongdoing…whereby the defendant participated in dishonest methods to obtain the plaintiff's secret information." *T-Mobile USA, Inc. v. Terry,* 862 F.Supp.2d 1121, 1130 n. 1 (W.D. Wash. 2012); *Simple Cell,* 2013 WL 3776933, at * 6 ("Because the statute is more logically read as prohibiting 'wrongdoing' to obtain something of value and not, specifically, only acts that sound in common law fraud, the court will decline to apply Rule 9(b) to Sprint's CFAA claims").

[8] "[L]oss" includes "any reasonable cost to any victim, including the cost of responding to an offense, conducting a

Sprint has spent well in excess of $5,000 over a one-year period for each of the following: assessing its hacked protected computer networks for damage, identifying the impairment and taking steps to upgrade its networks; investigating Defendants' and/or their co-conspirators' intrusions into Sprint's protected computer networks and taking subsequent remedial measures; discovering Defendants' identity and/or the method by which Defendants' accessed Sprint's protected computer networks without authorization. *Id.* The SAC further alleges that with respect to damage, by infiltrating the Sprint computer and telecommunications network and collecting and disseminating the illegally activated Phones and codes, Defendants have substantially impaired the integrity of Sprint's protected computer networks in an amount in excess of $5,000. *Id.* Moreover, Defendants' actions have deprived Sprint of the means to control the quality of its product and service. *Id.* at ¶ 79. Therefore, Sprint has properly alleged a claim under 18 U.S.C. § 1030(a)(6); *Welch*, 2014 WL 68957, at *7 (finding that Sprint stated cognizable claims under the CFAA where it alleged that "Defendant traffics in using the proprietary codes stored on the phones which access Sprint's network and selling those codes along with the phones").

Sprint alleges that Defendants are violating 18 U.S.C. § 1030(a)(5)(C), which makes it unlawful to intentionally access a protected computer without authorization and cause damage and loss. The SAC alleges that Defendants accessed Sprint's protected computer networks by using improperly obtained confidential codes contained in the handsets to access Sprint's national telecommunications computer network and Sprint's computer billing network.[10] SAC at ¶¶ 65-68. Sprint further alleges that by illicitly acquiring and unlocking the Phones, Defendants

damage assessment, and restoring the data, program, systems, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of the interruption of service." *See* 18 U.S.C. §1030(e)(11).

[9] "[D]amage" is defined as "any impairment to the integrity or availability of data, a program, a system, or information." *See* 18 U.S.C. §1030(e)(8).

[10] Sprint's national telecommunications computer network and computer billing network both constitute a "protected computer" for purposes of the CFAA, as defined at 18 U.S.C. §1030(e)(2)(B). *See United States v. Trotter*, 478 F.3d 918, 920-22 (8th Cir. 2007) (company's computer network is a "protected computer" under the statute).

necessarily access the Sprint protected computer networks because the Phones are connected to those networks when purchased from Sprint. *Id.* at ¶ 66. Defendants use fraud and misrepresentation to acquire and unlock the Phones from Sprint, and, as such, Defendants' access of Sprint's protected computer networks is not authorized in any way.[11] *Id.* at ¶ 67.

The SAC also states that upon information and belief, Defendants unlawfully hack into Sprint's protected computer networks using Sprint's confidential codes/passwords to: (1) perform various tests to confirm that the Phone they are purchasing is, in fact, active on Sprint's wireless network; and/or (2) unlock the Sprint Phone, which requires the manipulation and oftentimes permanent deletion of the proprietary software that is installed in Sprint Phones and unauthorized changes to Sprint's protected computer networks, so that the Sprint Phone will operate on a wireless network other than Sprint's. *Id.* at ¶ 70.

Further, the SAC alleges that Defendants' activities described herein substantially affect interstate commerce and communication in that the codes/passwords contained in the Phones and the Phones themselves are trafficked over the internet, throughout the United States, and around the world, and Sprint's protected computer networks are used in and affect interstate commerce and communication, and provide wireless communications services pursuant to licenses issued by the FCC. *Id.* at ¶ 75. Finally, Sprint alleges that it suffered loss and was damaged in the process set forth above. *Id.* at ¶¶ 77-79. Thus, Sprint has properly alleged a § 1030(a)(5)(C) claim.

To state a claim under 18 U.S.C. § 1030(a)(4), Sprint must allege that Defendants: (1) knowingly and with intent to defraud;[12] (2) accessed a protected computer without authorization; (3) obtained anything of value; and (4) caused a loss and damages aggregating at least $5,000.

---

[11] Defendants' citation to *Nianni, LLC v. Fox*, No. 11-118, 2011 WL 5357820, at *3-4 (M.D. Fl. Nov. 7, 2011) is inapposite because the plaintiff in that case failed to plead unauthorized access or that the defendant exceeded his authorized access. Here, Sprint alleged these elements with particularity. SAC at ¶¶ 67-68, 70-71.
[12] *Supra* footnote 5.

*See* 18 U.S.C. §§ 1030(a)(4), 1030(c)(4)(A)(i)(I), 1030(g).[13]  For the reasons discussed above, Defendants knowingly accessed Sprint's protected computers without authorization and their activities substantially affected interstate commerce.  SAC at ¶¶ 75.  Sprint has incurred and did plead that it suffered the requisite minimum $5,000 "loss" and "damage" as defined under the CFAA.  *Id.* ¶¶ 76-79.  Therefore, Sprint has properly alleged a claim under 18 U.S.C. § 1030(a)(4).  Sprint has properly pled this claim and dismissal is inappropriate.

## IV.    DEFENDANTS HAVE NO BASIS FOR SEEKING SANCTIONS

Defendants request that the Court issue sanctions pursuant to 28 U.S.C. § 1927 or the Court's inherent power for "unreasonably multiplying proceedings" by "refilling the same complaint a third time" [DE 47, p. 23].[14]  Defendants have not and cannot satisfy the stringent requirements necessary to justify these sanctions which include:

> (1) an attorney must engage in unreasonable and vexatious conduct; (2) such unreasonable and vexatious conduct must multiply the proceedings; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. The Eleventh Circuit has long held that an attorney multiplies court proceedings unreasonably and vexatiously, thereby justifying sanctions under 28 U.S.C. § 1927, only when the attorney's conduct is so egregious that it is tantamount to bad faith.  [Furthermore,] the provisions of § 1927, being penal in nature, must be strictly construed.

*Kahama VI, LLC v. HJH, LLC*, No. 11-2029, 2013 WL 5954779, at * 3, (M.D. Fl. Nov. 7, 2013) (holding that the "Motions do not provide sufficient facts to show conduct so egregious that it

---

[13] Defendants cite *Deman Data Systems, LLC v. Schessel*, No. 12-2580, 2013 WL 2708538 at *4 (M.D. Fl. June 11, 2013) for the statement that "the case law is not clear regarding whether the particularity requirement set forth in Federal Rule of Civil Procedure 9(b) applies to a § 1030(a)(4) claim."  Despite this statement, the Court found this claim properly pled because the plaintiff alleged that the defendant made "multiple attempts, without authorization, to access and actually accessing the computer systems of DDS and obtain[ed] confidential information."  *Id.* at *2. The SAC contains virtually identical allegations.  *See, e.g.,* SAC at ¶¶ 67-68, 70-71.

[14] Defendants also mention that Rule 11 sanctions should be levied against Sprint based on the addition of two newly discovered defendants to the lawsuit.  [DE 47, p. 3]  The Court should disregard Defendants' request because they are required to file a separate motion to request Rule 11 sanctions.  *See Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cnty.*, 278 F. Supp. 2d 1301, 1327 (M.D. Fla. 2003) (declining to consider Rule 11 sanctions because it was not made in a separate motion).  Should the Court decide that Defendants' motion for sanctions is properly before the Court, Sprint requests permission to separately brief the issue.

amounts to bad faith on the part of [plaintiff] and its attorney to justify sanctions based on [purportedly frivolous] allegations in the Second Amended Complaint); *MacNeill v. Yates*, No. 09-706, 2010 WL 5491234, at * 5 (M.D. Fl. Dec. 17, 2010)) ("'an attorney's conduct must be particularly egregious…the attorney must knowingly or recklessly pursue a frivolous claim….'").

Pursuant to its inherent powers, the Court may sanction "a party or attorney who shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order. However, because a court's inherent powers are so potent, they must be exercised with restraint and discretion." *Brandt v. Magnificent Quality Florals Corp.*, No. 07-20129, 2009 WL 899925, at * 4 (S.D. Fl. Mar. 31, 2009) (denying defendant's motion for sanctions under § 1927 and the Court's inherent power despite allegations of perjury); *Sure Fill & Seal, Inc. v. GFF, Inc.*, No. 08-882, 2010 WL 3063287, at * 10-11 (M.D. Fl. July 6, 2010) (denying motion for sanctions). Sprint's attempt to rectify the purported pleading deficiencies of the FAC by diligently drafting the SAC in full compliance with the Court's Order hardly qualifies as frivolous or bad faith conduct of the kind required to impose sanctions under either theory. Moreover, Sprint's service of discovery was proper under the Federal Rules.[15] Thus, Defendants' request for sanctions should be denied.

## CONCLUSION

Sprint respectfully requests that this Court deny Defendants' Motion in its entirety. To the extent the Court believes that repleading is still necessary, Sprint respectfully requests leave to amend its SAC. *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001); *Pyramid Employer Servs. v. Coile*, No. 05-1646, 2006 WL 1208009, at *5 (M.D. Fl. May 3, 2006).

---

[15] Defendants' request for sanctions is based in part on Sprint's purported "unreasonably multiplying proceedings," which is even more ironic given Defendants' overtly dilatory tactics in refusing to participate in preparing the case management report, despite the Court's Order [DE 29], and their continuing refusal to participate in discovery.

Respectfully submitted this 18th day of September, 2014.

By: */s/ Gail Podolsky*
James B. Baldinger
Florida Bar No. 869899
Email: jbaldinger@CFJBLaw.com
Stacey K. Sutton
Florida Bar No. 0289530
Email: ssutton@CFJBLaw.com
CARLTON FIELDS JORDEN BURT, P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Phone: (561) 659-7070
Fax: (561) 659-7368

Gail E. Podolsky
Georgia Bar No. 142021
Email: gpodolsky@CFJBLaw.com
*Admitted pro hac vice*
CARLTON FIELDS JORDEN BURT, P.A.
One Atlantic Center
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309
Phone: (404) 815-2714
Fax: (404) 815-3415

*Attorneys for Sprint Solutions, Inc. and
Sprint Communications Company L.P.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will send notification to the registered attorney(s) of record that the documents have been filed and are available for viewing

and downloading.

I HEREBY CERTIFY that a true and correct copy is also being served today by U.S.

Mail postage pre-paid on the following:

Matthew Barton
428 South Blvd.
Salisbury, Maryland 21801
*Pro se Defendant*

Tiffany Barton
428 South Blvd.
Salisbury, Maryland 21801
*Pro se Defendant*

Dated: September 18, 2014

*/s/ Gail Podolsky*
Gail Podolsky
Admitted *Pro Hac Vice*

*Attorneys for Sprint Solutions, Inc. and
Sprint Communications Company L.P.*