UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SPRINT SOLUTIONS, INC. et al.,

    Plaintiffs,

vs.                                                    Case No. 8:14-cv-00233-T-27AEP

THE CELL XCHANGE, INC. et al.,

    Defendants.
_____/

**ORDER**

**BEFORE THE COURT** are motions to dismiss the Second Amended Complaint (Dkt. 38) filed by Defendants James Robert Rathbone and the Cell Xchange ("TCX") (Dkt. 47), Kaitlyn Hedenstad, Casey Alan Parris, and World Wide Sales LLC (Dkt. 55), Tiffany Barton (Dkts. 61, 62), Matthew Barton (Dkt. 63), and Cell1st LLC and Nathane Trimm (Dkt. 78). Plaintiffs oppose each of the motions (Dkts. 60, 64, 67, 81). Upon consideration, the motions are **GRANTED** *in part* and **DENIED** *in part*.

I.    BACKGROUND

Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company, L.P. sell wireless telephones at subsidized prices to attract customers to Sprint's network. (Dkt. 38 ¶¶ 16, 19-20). According to Sprint, each of the Defendants participates in a scheme to acquire large numbers of subsidized Sprint phones, which are 'unlocked' from Sprint's network and then resold, especially in foreign markets where phones are typically sold without subsidies. (*Id.* ¶¶ 20-23). Sprint claims this scheme has damaged its finances and reputation, and violates state and federal law. (*See generally id.*).

1

Sprint's first two complaints were stricken as shotgun complaints. (*See* Dkts. 5, 31). Sprint has now filed a second amended complaint, which all Defendants have moved to dismiss on a variety of grounds.

## II. STANDARD

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule does not require detailed factual allegations, but a plaintiff's complaint must contain more than unadorned or conclusory accusations of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "A claim has facial plausibility when the plaintiff pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

All of the factual allegations in a complaint must be accepted as true for the purposes of a motion to dismiss but this tenet is "inapplicable to legal conclusions." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002.)

## III. DISCUSSION

### A. The Second Amended Complaint Is Not a Shotgun Complaint

Notwithstanding Defendants' assertions, the Second Amended Complaint largely complies

with the rules of pleading and is not subject to dismissal in toto as a shotgun pleading. *See* Fed. R. Civ. P. 8 & 10. While the complaint remains lengthy, this is primarily because of the complexity of the claims and alleged scheme. Each of the nine claims asserted incorporate relevant factual allegations, which is appropriate.[1]

Defendants also contend that the Second Amended Complaint improperly lumps them together. All counts are pleaded against all Defendants. However, the Eleventh Circuit has held that "[w]hen multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually."*Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997). When the allegations are read against each Defendant individually, they are all on "fair notice" of the nature of most of the claims against them and the "grounds" on which the claims rest. *See Twombly*, 550 U.S. at 555 n.3.

Defendants Rathbone and TCX argue that it was improper for Sprint to add additional defendants in the Second Amended Complaint, but as Sprint responds, joinder at this stage of a case, before motions to dismiss have been resolved, is proper. *See Byrant v. Dupree*, 252 F.3d 1161, 1165 (11th Cir. 2001) (without evidence of prejudice to defendants, leave to amend pleadings should be freely granted).

### B. Fraud Is Insufficiently Pled

However, more specific allegations are necessary for claims alleging fraud. *See* F.R.C.P. 9(b); *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007) ("[I]n a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the fraud."). Here, Count V sounds in fraud, but fails to include the requisite

---

[1] With the exception of Count VI, as explained *infra*.

3

specificity as to each Defendant's conduct. (*See* Dkt. 38 ¶¶ 60-61) ("[All] Defendants regularly and systematically misrepresent to Sprint that the Phones are being purchased for a legitimate purpose, that the Phones will be used by Defendants or other legitimate consumers on Sprint's wireless network . . . . [But] Defendants . . . do not intend to use the Phones for a legitimate purpose . . . ."). Similarly, Count III is a claim for civil conspiracy, including conspiracy to commit fraud, but also fails to meet the heightened pleading standards. (*Id.* ¶¶ 53-54). *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067-1068 (11th Cir. 2007) (In Florida, "where a conspiracy claim alleges that two or more parties agreed to commit fraud, the plaintiffs must plead this act with specificity.") Accordingly, Counts III and V will be dismissed with leave to amend.

### C. Other Claims

#### *1. Trademark-Related Claims (Counts I, VII, VIII, and IX)*

Counts I and VII-IX are all based on Sprint's allegations that it is has valid trademarks that Defendants are infringing or encroaching on in some way. Count I brings a state law unfair competition claim, under Florida common law and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* This claim is essentially based on the same facts as Count VII, which alleges infringement of Sprint's trademarks under the Lanham Act, 15 U.S.C. § 1114.[2] To establish federal trademark infringement, a plaintiff must show that it has a valid trademark, which a defendant has used in a fashion likely to deceive or cause confusion or mistake. 15 U.S.C. §1114(1)(a); 15 U.S.C. § 1125(a)(1)(A). In the Second Amended Complaint, Sprint adequately

---

[2] Courts use the same legal analysis for federal trademark and state unfair competition law. *See Suntree Technologies, Inc. v. ECOSENSE INTERNATIONAL*, 693 F.3d 1338, 1345 (11th Cir. 2012); *Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 652 (11th Cir. 2007); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1114 (S.D. Fla. 2007) (applying same analysis to FDUTPA). "Courts may use an analysis of federal infringement claims as a 'measuring stick' in evaluating the merits of state law claims of unfair competition." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 n. 4 (11th Cir. 2001).

alleges its possession of a protectable trademark and that Defendants' use of the mark is likely to cause confusion or deceive. (*See* Dkt. 38 ¶¶ 16-17 (ownership of marks); ¶¶ 42, 83, 88, 97 (Defendants' use of marks)).

Also related is Count VIII, which alleges a false advertising claims under the Lanham Act, 15 U.S.C. §1125(a)(1)(A), (B). The elements of a false advertising claim are (1) false or misleading advertisements, (2) which deceived or could deceive customers, (3) having a material effect on purchasing decisions, (4) in interstate commerce, and (5) injuring the plaintiff. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002). Sprint's allegations, that Defendants have used Sprint's trademarks in advertisements to misrepresent the nature of Defendants' products are sufficient to state a claim for false advertising. (*See* Dkt. 38 ¶¶ 90, 92).

Count IX is a claim for contributory trademark infringement. An individual or entity may be liable for contributory trademark infringement if a third party infringes a trademark and the defendant intentionally induced the third party to infringe the trademark, or the defendant knowingly participated in the scheme. *Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1244 (11th Cir. 2007) (citing *Mini Maid Servs. Co. v. Maid Brigade Sys., Inc.*, 967 F.2d 1516, 1522 (11th Cir. 1992)). Here, Sprint states a claim for contributory trademark infringement, by alleging Defendants' scheme aided sellers of phones that infringed the Sprint marks, and by causing infringing devices to be sold to the public. (*See* Dkt. 38 ¶¶ 95-97).

### 2. *Count II: Tortious Interference with Business Relationships*

Sprint also brings a claim based on tortious interference with a business relationship. The elements of this cause of action are (1) the existence of a business relationship, (2) defendant's knowledge thereof, (3) defendant's intentional and unjustified interference with the relationship, and

(4) damage to plaintiff. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994) (citing *Tamiami Trail Tours, Inc. v. Cotton*, 463 So.2d 1126, 1127 (Fla. 1985)).

The Second Amended Complaint alleges sufficient facts to state a claim of tortious interference with a business relationship. A business relationship existed between Sprint and its authorized dealers, as well as between Sprint and consumer end-users, and Defendants were on notice of the existence of these relationships. (Dkt. 38 ¶¶ 44-48). Defendants' scheme induced purchasers of Sprint phones to breach their contracts with Sprint, which allegedly damaged Sprint. (*Id.* ¶¶ 49-51).

### 3. *Count IV: Unjust Enrichment*

Sprint's next claim is for unjust enrichment. The elements of unjust enrichment are: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (citations omitted); *Florida Power Corp. v. City of Winter Park*, 887 So.2d 1237 (Fla. 2004).

Here, Sprint alleges that Defendants purchased phones from Sprint at a subsidized cost, which conferred a benefit on Defendants. Sprint contends it would be inequitable for Defendants to retain this benefit. (Dkt. 38 ¶¶ 57). These allegations are sufficient to state a claim for unjust enrichment.

### 4. *Count VI: Violations of the Computer Fraud and Abuse Act*

The final claim is based on the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* Sprint alleges the Defendants have violated three separate provisions of the CFAA. First, Sprint contends that the Defendants trafficked in computer passwords to gain access to Sprint's

telecommunication and computer networks, in violation of 18 U.S.C. § 1030(a)(6). (Dkt. 38 ¶¶ 65-66, 68-71, 74, 78-80). Second, Sprint claims the Defendants accessed its protected network without prior authorization, which is prohibited by 18 U.S.C. § 1030(a)(5)(c). (Dkt. 38 ¶¶ 65-70, 80). Finally, Sprint alleges Defendants accessed its network with intent to defraud, in violation of 18 U.S.C. § (a)(4).

Because all three violations of the CFAA are pled within the same count, it is difficult to determine which behavior by which defendant allegedly satisfied the elements of each of the CFAA claims. Accordingly, Count VI will be dismissed without prejudice, and Sprint will be granted leave to amend to clearly link the relevant facts to the alleged violations of three separate sections of the CFAA.

### 5. *Sanctions*

Finally, the request for sanctions by Defendants TCX and Rathbone is denied. As stated, the complaint is not subject to dismissal as a shotgun complaint, and many of the counts are now properly pled. However, Sprint is on notice that the Eleventh Circuit has approved dismissal with prejudice on a third unsuccessful attempt to plead a cause of action. *See Hasbun v. Recontrust Co., N.A.*, 508 Fed. App'x 941, 942 (11th Cir. 2013); *Nettles v. City of Leesburg-Police Dep't*, 415 Fed. App'x 116 (11th Cir. 2010); *Anderson v. Vanguard Car Rental USA, Inc.*, 304 Fed. App'x 830 (11th Cir. 2008).

### IV. CONCLUSION

Accordingly,

1) The motions to dismiss (Dkts. 55, 61, 62, 63, 78) are **GRANTED *in part*** and **DENIED *in part*.**

2) Counts III, V, and VI are **DISMISSED** *without prejudice*.

2) Plaintiffs are **GRANTED** leave to file a third amended complaint within 14 (fourteen) days of the date of this Order.[3]

**DONE AND ORDERED** this 6th day of March, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[3] Plaintiffs are also directed to correct the misnumbering of paragraphs in the Second Amended Complaint. (*See* Dkt. 60 at 1).