# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

SPRINT SOLUTIONS, INC. and SPRINT )
COMMUNICATIONS COMPANY L.P., )
)
    Plaintiffs, )
) Civil Action No: 8:14-CV-00233
v. )
)
THE CELL XCHANGE, INC. a/k/a WORLD )
WIDE CELLS, JAMES ROBERT )
RATHBONE, CASEY ALAN PARRIS, )
MATTHEW BARTON, TIFFANY )
BARTON and KAITLYN HEDENSTAD, )
)
    Defendants.

## FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS

Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company, L.P. ("Plaintiffs") brought the above-captioned lawsuit against Defendants Casey Alan Parris, Kaitlyn Hedenstad and World Wide Sales LLC (collectively, "Defendants"), alleging that Defendants are engaged in an unlawful enterprise involving the unauthorized and deceptive bulk purchase and resale overseas of specially-manufactured wireless telephones designed for use on Sprint's wireless service, including the Sprint iPhone (collectively, "Sprint Phones" or "Sprint Handsets" or "Phones" or "Handsets"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer passwords, and the willful infringement of Sprint's trademarks (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme").

Sprint alleged that Defendants and their co-conspirators perpetrate the Bulk Handset Trafficking Scheme by acquiring large quantities of Sprint Phones from Sprint and/or Sprint authorized

100624078.1

retailers and dealers, and by soliciting others to purchase Sprint Phones in large quantities for the benefit of Defendants. Sprint further alleged that Defendants and their co-conspirators acquire the Sprint Phones with the knowledge and intent that the Phones will not be used on the Sprint wireless network (as required by the Sprint contracts). Instead, Sprint contends that the Phones are trafficked and the vast majority are resold as new overseas where the Phones are not subsidized by wireless carriers (as they are in the United States) and where the Phones are not as readily available. In some cases, Sprint alleged that Defendants and their co-conspirators acquire the Sprint Phones with the knowledge and intent that the Phones will be computer-hacked. The purpose of this hacking, known as "unlocking," is to disable software installed in the Phones by the manufacturers at the request and expense of Sprint, which enables the activation of the Sprint Phones exclusively on Sprint's wireless system. The purpose of the software is to allow Sprint to offer the Phones at a discount to the consumer while protecting Sprint's subsidy investment in the Phone. Sprint alleged that the illegally unlocked Phones are trafficked and resold as new by Defendants and their co-conspirators, at a premium, under the Sprint trademarks.

Sprint Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones. These Terms and Conditions are set forth in printed inserts that are packaged with each Phone and are posted on Sprint's website. Pursuant to the Terms and Conditions of Sprint Phones, purchasers agree, among other things: (a) to pay the monthly service charges and other related fees; (b) to pay an Early Termination Fee ("ETF") for each line of service that is terminated before the contract term is concluded; (c) to activate the Sprint Phones on the Sprint CDMA network; (d) not to resell the Sprint Phones and related products and services; and (e) not to use the Phones for a purpose that could damage or adversely affect Sprint.

Sprint has asserted claims against Defendants for unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, common law fraud, fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, conversion, and unfair competition under Florida Statute § 501.204. Based on the respective positions advocated by the parties, and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in Sprint's Complaint.

2. The Court finds that Sprint has the right to use and enforce rights in the standard character Sprint® mark and stylized Sprint® trademarks (collectively, the "Sprint Marks"), as depicted below:



Sprint uses the Sprint Marks on and in connection with its telecommunications products and services. The Sprint Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Sprint.

3. The Court finds that the Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable between Sprint and each of its customers. The Court finds the Terms and Conditions set forth certain rights and restrictions on

100624078.1

the use of Sprint Phones. Among other things, the Terms and Conditions: (a) require that the customer pay applicable service charges and other related fees; (b) indicate that the Phone is designed to be activated on the Sprint CDMA network; (c) prohibit resale of Sprint Phones and related products and services; and (d) prohibit using the Phones for a purpose that could damage or adversely affect Sprint, for which Sprint is entitled to relief.

4. The Court finds that Defendants' conduct constitutes violations of 15 U.S.C. §§ 1114 and 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The Court further finds that Defendants' conduct constitutes violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, common law fraud, fraudulent misrepresentation, contributory trademark infringement, conversion, and unfair competition under Florida Statute § 501.204, and has caused substantial and irreparable harm to Sprint, and will continue to cause substantial and irreparable harm to Sprint unless enjoined.

5. Sprint has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' conduct that far exceeds the $5,000 aggregate annual damages under the Computer Fraud and Abuse Act. On review and consideration of all relevant factors, Sprint is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

6. Final judgment is hereby entered against Defendants Casey Alan Parris, Kaitlyn Hedenstad, World Wide Sales LLC, jointly and severally, and in favor of Sprint, on all of the claims set forth in Sprint's Complaint in the principal amount of Five Million Dollars and Zero

Case 8:14-cv-00233-JDW-AEP Document 108-1 Filed 03/23/15 Page 5 of 7 PageID 2151

Cents ($5,000,000.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

7. Defendants and all of their past and present agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for them or on their behalves, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, employees, independent contractors, associates, servants, and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a. purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Sprint Phones;

    b. supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in the purchase or sale of Sprint Phones or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Sprint Phones;

    c. engaging in any of the conduct described in the Complaint as the "Bulk Handset Trafficking Scheme;"

    d. supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of Sprint Phones; and

  e. knowingly using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization.

8. The purchase, sale or shipment of any Sprint Phones without Sprint's prior written consent within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

9. The last known address of Casey Alan Parris is 1207 Croydonwood Circle, Brandon, Florida 33510.

10. The last known address of Kaitlyn Hedenstad is 5809 Legacy Crescent Place, Unit 201, Riverview, Florida 33578.

11. The last known address of World Wide Sales "LLC" ("World Wide") is 2208 Kenwick Drive, Valric, Florida 33596.

12. Defendants waive any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waive their right of appeal from the entry of this Final Judgment.

13. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiffs in an amount of $5,000 for each Sprint Phone that a Defendant is found to have purchased, sold or unlocked in violation of this Injunction. The Court finds that these amounts are compensatory and will serve to compensate Sprint for its losses in the event any Defendant violates the terms of this Order.

14. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

DONE AND ORDERED this 26th day of March, 2015.

*[signature]*
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All Counsel of Record