UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P., <br><br>Plaintiffs, <br><br>v. <br><br>THE CELL XCHANGE, INC., WORLD WIDE SALES "LLC" a/k/a WORLD WIDE CELLS, CELL1ST LLC, JAMES ROBERT RATHBONE, NATHANE A. TRIMM, CASEY ALAN PARRIS, MATTHEW BARTON, TIFFANY BARTON and KAITLYN HEDENSTAD, <br><br>Defendants. | Civil Action No: 8:14-CV-00233-JDW-AEP |

## FINAL JUDGMENT AND PERMANENT INJUNCTION
## AGAINST DEFENDANTS THE CELL XCHANGE, INC. AND JAMES RATHBONE

Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P. (collectively, "Sprint" or "Plaintiffs") brought the above-captioned lawsuit against, *inter alia*, Defendants James Robert Rathbone and The Cell XChange, Inc. ("Defendants"), alleging that Defendants are engaged in an unlawful enterprise involving the unauthorized and deceptive bulk purchase and resale overseas of specially-manufactured wireless telephones designed for use on Sprint's wireless service, including the Sprint iPhone (collectively, "Sprint Phones" or "Sprint Handsets" or "Phones" or "Handsets"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer passwords, and the willful infringement of Sprint's trademarks (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme").

Sprint contends that Defendants and their co-conspirators perpetrated the Bulk Handset Trafficking Scheme by acquiring large quantities of Sprint Phones from Sprint and/or Sprint authorized retailers and dealers and by soliciting others to purchase Sprint Phones in large quantities for the benefit of Defendants. Sprint asserts that Defendants and their co-conspirators acquired the Sprint Phones with the knowledge and intent that the Phones will not be used on the Sprint wireless network (as required by the Sprint contracts), but instead, the Phones are trafficked and the vast majority are ultimately resold as new overseas where the Phones are not subsidized by wireless carriers (as they are in the United States). In some cases, Sprint asserts Defendants acquired the Sprint Phones with the knowledge and intent that the Phones will be computer-hacked or "unlocked," to disable software installed in the Phones by the manufacturers at the request and expense of Sprint, which enables the activation of the Sprint Phones exclusively on Sprint's wireless system. The purpose of the software is to allow Sprint to offer the Phones at a discount to the consumer while protecting Sprint's subsidy investment in the Phone. Sprint asserts that the illegally unlocked Phones are trafficked and resold as new by Defendants, at a premium, under the Sprint trademarks.

Sprint Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones. These Terms and Conditions are set forth in printed inserts that are packaged with each Phone and are posted on Sprint's website. Pursuant to the Terms and Conditions of Sprint Phones, purchasers agree, among other things: (a) to pay the applicable service charges and other related fees; (b) to activate the Sprint Phones on the Sprint CDMA network; (c) not to resell the Sprint Phones and related products and services; and (d) not to use the Phones for a purpose that could damage or adversely affect Sprint.

In this case, as a result of Defendants' alleged involvement in the Bulk Handset Trafficking Scheme, Sprint has asserted claims against Defendants for unfair competition, tortious interference with business relationships and prospective advantage, conspiracy, unjust enrichment, common law fraud, and fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), and contributory trademark infringement. Based on the respective positions of the parties, and having reviewed the Third Amended Complaint and file and being otherwise duly and fully advised in the premises, it is hereby:

**ORDERED, ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in Sprint's Complaint.

2. The Court finds that Sprint has the right to use and enforce rights in the standard character Sprint® mark and stylized Sprint® Virgin Mobile, payLo, Assurance Wireless and Boost Mobile trademarks (collectively, the "Sprint Marks"), as depicted below:

 



  

Sprint uses the Sprint Marks on and in connection with its telecommunications products and services. The Sprint Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Sprint.

3.   The Court finds that the Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable between Sprint and each of its customers. The Court finds the Terms and Conditions set forth certain rights and restrictions on the use of Sprint Phones. Among other things, the Terms and Conditions: (a) require that the customer pay applicable service charges and other related fees; (b) indicate that the Phone is designed to be activated on the Sprint CDMA network; (c) prohibit resale of Sprint Phones and related products and services; and (d) prohibit using the Phones for a purpose that could damage or adversely affect Sprint, for which Sprint is entitled to relief.

4.   The Court finds that the conduct set forth in the Complaint constitutes violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The Court further finds that the conduct also constitutes unfair competition, tortious interference with business relationships and prospective advantage, conspiracy, unjust enrichment, common law fraud and fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, and contributory trademark infringement.

5.   Sprint has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' conduct. On review and consideration of all relevant factors, Sprint is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

6.   Final judgment is hereby entered against Defendant The Cell XChange, Inc. and in favor of the Plaintiffs, on all of the claims set forth in Plaintiffs' Third Amended Complaint in

the principal amount of Five Million Dollars and Zero Cents ($5,000,000.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

7.  In regard to Sprint or any of its subsidiaries or brands, now or in the future, including Boost Mobile, Virgin Mobile, PayLo, and Assurance Wireless, Defendants The Cell XChange, Inc. and James Rathbone and all of their past and present agents, officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for them or on their behalf, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a.    acquiring, purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any new Sprint phones;

    b.    supplying Sprint phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in the purchase or sale of Sprint phones or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Sprint phones;

    c.    acquiring, advertising or reselling Sprint services;

    d.    engaging in any of the conduct described in the Complaint as the "Bulk Handset Trafficking Scheme;"

e. accessing Sprint's computer networks either directly or through a Sprint representative or customer or a third-party;

f. supplying Sprint phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of Sprint phones; and knowingly using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization;

g. knowingly using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization;

h. holding themselves out as being associated with, employed by or on behalf of, or acting as an agent, representative or authorized partner of Sprint; and

i. advertising any products or services that have any purported connection to Sprint or any of Sprint's affiliates.

8. The acquisition, sale or shipment of any new Sprint Phones without Sprint's prior written consent within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

9. The address of Defendant The Cell XChange, Inc. is 9017 E. Adamo Drive, # 103, Tampa, Florida 33619.

10. The address of Defendant James Rathbone is 3336 Spy Tower Court, Valrico, Florida 33594.

11. Defendants waive any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waives their right of appeal from the entry of this Final Judgment.

12. The Court retains jurisdiction over this matter and the parties to this action to enter an award of damages against Defendant Rathbone and to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiffs in an amount of $5,000 for each new Sprint Phone that Defendants are found to have acquired, purchased, sold and/or unlocked in violation of this Injunction. The Court finds that these amounts are compensatory and will serve to compensate Sprint for its losses in the event Defendants violate the terms of this Order.

13. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

DONE AND ORDERED this 5th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Pro Se Parties and Counsel of Record